**22SL-CC01008**

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

| | | |
|---|---|---|
| THE HEALING CHAIR, INC, a<br>Missouri Corporation | ) ) ) | |
|     Plaintiff, | ) ) | Cause No. |
| v. | ) ) | Division No. |
| LOGAN LOGAN & WATSON, L.C.,<br>**Serve**: Registered Agent<br>    Fred J. Logan, Jr.<br>    8340 Mission Road, Suite 106<br>    Prairie Village, KS 66206 | ) ) ) ) ) ) | |
| and | ) ) | |
| ANDREW V. LOGAN,<br>**Serve**: 8340 Missouri Road, Suite 106<br>    Prairie Village, KS 66206 | ) ) ) ) | |
|     Defendants. | ) | |

### PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW Plaintiff The Healing Chair, Inc. ("THC" or "Plaintiff"), by and through undersigned counsel, and for its Petition against Defendants Logan Logan & Watson, L.C. and Andrew Logan, states as follows:

1.      THC is a nonprofit corporation duly organized and existing pursuant to the laws of the State of Missouri, with its principal place of business in St. Louis County, Missouri.

2.      Carol Mullenix ("Mullenix") is an individual residing in St. Louis County, Missouri and is the Founder, sole Member, and President of THC.

3.      Defendant Logan Logan & Watson, L.C. is a limited liability company organized and existing pursuant to the laws of the State of Kansas.

EXHIBIT A

4.      Upon information and belief, Defendant Andrew Logan is an attorney who has been licensed to practice law in Kansas since February 12, 2016, and in Missouri since 2015.

5.      This Court has personal jurisdiction over the parties because Defendants transact business in the State of Missouri and have systematic, continuous, and substantial contacts with the State of Missouri and committed tortious acts, the effects of which were felt in the State of Missouri and more particularly in St. Louis County, Missouri, where Plaintiff THC is based.

6.      Venue is proper in this jurisdiction pursuant to § 508.010 Rev. Stat. Mo. (pursuant to either § 508.010.4 or § 508.010.5) in that Plaintiff's principal place of business is located in St. Louis County, Missouri, and Plaintiff was first injured in St. Louis County, Missouri.

7.      In April 2010, at the age of 41, Mullenix was diagnosed with breast cancer and shortly thereafter underwent a bilateral mastectomy.

8.      During her recovery, Mullenix was experiencing severe pain that prevented her from getting into a comfortable position.

9.      Wanting to do something to make Mullenix's recovery more bearable, her friends Molly and Charlie Vitale bought her an electronic lift chair that made it easier for her to rest in a reclined position and raise herself to a standing position without having to rely solely on her chest, shoulders and arms, which were the areas most affected by her double mastectomy surgery.

10.     Mullenix credits the gifted lift chair as one of the keys to her recovery.

11.     After providing similar electronic lift chairs to other breast cancer survivors, Mullenix decided to formalize her growing network of "healing chairs" by filing Articles of Incorporation with the Missouri Secretary of State on June 13, 2013. A true and complete copy of the initial Articles of Incorporation is attached hereto as Exhibit A and incorporated herein by this reference.

12.     According to its Articles of Incorporation, THC's mission was at that time, and remains, supporting women fighting breast cancer by raising funds for, among other things, purchasing electronic "healing chairs" that are provided to breast cancer survivors for in-home healing.

13.     Mullenix also adopted initial Bylaws for THC.  A true and complete copy of those initial Bylaws are attached hereto as Exhibit B and incorporated herein by this reference.

14.     Mullenix also established the initial THC Board, appointing herself, her husband Gregory Mullenix, and her friends Molly and Charlie Vitale (the donors of the first healing chair) as the initial Directors of THC, as confirmed in the 2014 Annual Registration Report filed with the Missouri Secretary of State, a true and complete copy of which is attached hereto as Exhibit C and incorporated herein by this reference.

15.     Those initial Directors in turn designated Mullenix as THC's President and Gregory Mullenix as its Secretary, as confirmed in the 2014 Annual Registration Report filed with the Missouri Secretary of State.

16.     The Vitales left the THC Board in 2015.

17.     The remaining two Directors appointed Thomas Niemann to fill one of those Board vacancies, as confirmed in the 2015 Annual Registration Report filed with the Missouri Secretary of State, a true and complete copy of which is attached hereto as Exhibit D and incorporated herein by this reference.

18.     The other Board vacancy was not filled at that time and had not been filled during all periods relevant herein, as confirmed by the 2016, 2017, and 2018 Annual Registration Reports filed with the Missouri Secretary of State, true and complete copies of which are attached hereto as Exhibit E and incorporated herein by this reference.

3

19.     During this period, THC applied for and was granted status as a 501(c)(3) tax-exempt charitable organization and began to establish its presence in other states, including Texas, Arkansas, Maryland, Minnesota, and Texas.

20.     In 2015, Amy Taitt contacted Mullenix and encouraged her to establish a THC presence in the Kansas City, Missouri area ("KCMO").

21.     Ms. Taitt was unknown to Mullenix but indicated that she and a group of friends were impressed with THC and its mission and thought THC could help breast cancer survivors in KCMO and Wichita, Kansas.

22.     Ms. Taitt identified this group as herself, Janette Slusher, and Marcia Maroney (collectively hereinafter, the "KC Group").

23.     Mullenix agreed to allow the KC Group to volunteer their time to create a presence for THC in KCMO and Wichita, including by promoting THC to those communities, collecting donations on behalf of THC, acquiring chairs for THC, and lending those chairs to women in need.

24.     As Mullenix expanded into other cities and the KCMO presence grew, the KC Group began to seek more involvement in and control of THC, which Mullenix and the other members of the THC Board considered, with input from THC's legal counsel (Director Thomas J. Niemann).

25.     THC's Board was open to the KC Group, as well as volunteers in other cities, expanding their roles with THC but wanted to ensure that these individuals, if invited into management at any level, could not take overall control of THC from Mullenix or force her out, recognizing that THC had been founded out of Mullenix's personal struggle with and victory over breast cancer and had become a life-fulfilling mission for her.

26.     Accordingly, prior to revisiting the prospect of inviting the KC Group and/or other THC volunteers into management roles, on July 29, 2016, Mullenix sought to protect THC's principal asset, its name, by filing a trademark application with the U.S. Patent and Trademark Office for the name "The Healing Chair."

27.     That trademark was approved and registered in THC's name on August 29, 2017.

28.     Mullenix also asked THC's legal counsel (Director Thomas J. Niemann) to review the THC corporate documents to ensure that management control would remain with her and that she could not be forced out of THC.

29.     On March 22, 2017, the duly appointed Board of Directors of THC, namely Mullenix, Gregory Mullenix, and Thomas Niemann, approved the company's First Amended and Restated Articles of Incorporation and the First Amended and Restated Bylaws, copies of which are attached hereto as Exhibit F and Exhibit G, respectively, and incorporated herein by this reference.

30.     Among other things, those documents authorized THC to have members and designated Mullenix as THC's sole member, referred to therein as the "Founding Member."

31.     THC had, and has, no other nonprofit members.

32.     Unbeknownst to Mullenix and the other THC Directors at the time, the KC Group also sought legal advice from Defendants in connection with their decision to volunteer for THC (the "KC Group Representation").

33.     In the course of the KC Group Representation, Defendants discovered (or should have discovered) from various THC organizing documents publicly available through the Missouri Secretary of State's website that (a) THC's officers at that time were Mullenix (President) and Gregory Mullenix (Secretary), (b) that THC's Directors at that time were Mullenix, Gregory

5

Mullenix, and Thomas J. Niemann, and (c) that THC had only recently amended and restated its Articles to allow the corporation, among other things, to have members.

34.     After the KC Group's meeting with Defendant Andrew Logan, but without disclosing their attorney-client relationship with him, the KC Group invited Mullenix to meet with them and Defendant Andrew Logan in late 2017, to discuss THC's possible engagement of Defendants, who were held out to Mullenix and THC as experts in Missouri nonprofit law, to undertake a comprehensive review of THC's organizational structure, governing documents, and state filings and propose changes to those governing documents to ensure that THC was operating in compliance with applicable laws.

35.     In reliance on Defendants' having held themselves out as expert nonprofit lawyers and lacking knowledge of the KC Group Representation, Mullenix agreed to retain Defendants on behalf of THC to perform a competent and comprehensive review of THC's organizing documents, from formation forward, and then fully and clearly explain any changes that they might propose to those documents to ensure that THC was in compliance with all applicable laws, and to competently prepare any documents they recommended.

36.     Despite Defendants' purported expertise as nonprofit corporation lawyers, and despite a reference to Bylaws in THC's publicly available Amended and Restated Articles of Incorporation, and despite knowledge that THC would have been required to adopt Bylaws in 2013 pursuant to the Missouri Nonprofit Corporation Act and in order to be granted 501(c)(3) tax-exempt status by the Internal Revenue Service, Defendants did not ask Mullenix or Thomas J. Niemann, who Defendant Andrew Logan knew was THC's long-standing attorney, for a copy of THC's then existing Bylaws, as recently amended and restated.

6

37. Moreover, despite Defendants' purported expertise as nonprofit corporation lawyers, and despite Defendant Andrew Logan's knowledge (actual or constructive) that THC's Officers at that time were identified in all recent public filings as Mullenix (President) and Gregory Mullenix (Secretary), and that the corporation's Directors were identified in all recent public filings as Mullenix, Gregory Mullenix, and Thomas J. Niemann, Defendants made no effort to reconcile these formal public filings with statements made by the KC Group that they were duly and lawfully elected directors and/or officers THC or could otherwise serve as officers and/or directors.

38. Moreover, despite Defendants' purported expertise as nonprofit corporation lawyers, and despite Defendant Andrew Logan's knowledge (actual or constructive) that THC had recently reorganized itself to allow for members, Defendants did not ask Mullenix or Thomas J. Niemann to confirm if THC had in fact appointed members.

39. Instead, without having performed a competent and comprehensive review of all THC organizing documents, from formation forward, including THC's corporate Bylaws and Director meeting minutes, to ensure that THC was in compliance with all applicable laws, as expressly engaged, on November 27, 2017, Defendant Andrew Logan invited the KC Group and Mullenix to a meeting at his office in the KCMO area where he then purported to convene what he described as a meeting of the directors of THC for the purpose of approving a document he had prepared and titled "Bylaws of The Healing Chair, Inc.", a true and complete copy of which is attached hereto as Exhibit H and incorporated herein by this reference (the "Logan Bylaws").

40. Prior to executing the Logan Bylaws, Mullenix conferred privately with Defendant Andrew Logan to confirm with him that there was nothing in the Logan Bylaws that would allow the KC Group to wrest control of THC from her or force her out of her corporation.

41.     Defendant Andrew Logan assured and represented to Mullenix during that private conference that there was no way for the KC Group, pursuant to the Logan Bylaws, to take control of THC from her or oust her from management of the corporation.

42.     In reliance on Defendant Andrew Logan's express representation, and not having independent knowledge of or expertise in such matters, on November 27, 2017 Defendant Mullenix and the KC Group executed the Logan Bylaws purportedly as THC's directors even though Defendant Andrew Logan had made no effort, prior to that, to confirm that any member of the KC Group was in fact lawfully authorized, pursuant to THC's then existing Amended and Restated Articles of Incorporation and/or Amended and Restated Bylaws to execute the Logan Bylaws as directors.

43.     Just three months before, on August 30, 2017, THC had filed its 2017 Annual Registration Report and again identified the THC directors as Mullenix, Gregory Mullenix and Thomas J. Niemann.

44.     Over the following eighteen months, conflicts developed between the KC Group and Mullenix over the future direction of THC.

45.     Mullenix wanted to continue to operate THC as an all-volunteer organization so that all funds raised by the nonprofit corporation would go to benefit breast cancer survivors, consistent with THC's charitable mission.

46.     The KC Group wanted to grow the nonprofit corporation so that increased donations could be used to pay themselves six-figure salaries.

47.     In June 2019, when matters came to a head, the KC Group threatened to remove Mullenix from management of THC pursuant to the terms of the Logan Bylaws.

48.     Distraught, Mullenix contacted THC's St. Louis attorney, Thomas J. Niemann, and advised him of these developments.

49.     When Mr. Niemann contacted Defendant Andrew Logan on June 27, 2019, to request copies of all documents in his possession concerning THC, including any documents Defendants had prepared, he refused, citing privilege, even though Mullenix, as THC's duly appointed President had approved release of these documents to Mr. Niemann.

50.     When asked by Mr. Niemann to explain how he had concluded that members of the KC Group were, prior to the meeting he called on November 27, 2017, lawful directors of THC authorized to take any corporate action on behalf of THC, Defendant Andrew Logan refused to answer.

51.     Instead, Defendant Andrew Logan offered the following explanation via email:

> "Our firm was engaged by all these individuals and acted in good
> faith to address organizational governance matters in October 2017."
> (Emphasis Added)

A copy of the June 27, 2019, email exchanges between Defendant Andrew Logan and Mr. Niemann are attached hereto as Exhibit I and incorporated herein by this reference.

52.     As the dispute with the KC Group intensified, THC's duly and lawfully elected Board learned for the first time that Defendants had undertaken to prepare new bylaws for the corporation (the Logan Bylaws), purporting to name the KC Group as officers and directors, without any consultation with or effort to make inquiry of the existing Board and/or THC's long-standing St. Louis counsel.

53.     THC had no remedy but to file suit against the KC Group to obtain a declaratory judgment that the Logan Bylaws were improperly and unlawfully adopted and that, as a result, none of the members of the KC Group were officers and/or directors of THC.

54.     In that lawsuit, the KC Group pursued a "scorched earth" defense strategy, making false allegations and intentionally interfering with the operations of THC, including, among other things, an effort to have the Missouri Attorney General take action against THC after it purchased an Apple MacBook for Mullenix to use in its operations (THC's first ever purchase of office equipment), refusing to relinquish control of the THC website and social media accounts, misdirecting emails and other inquiries from prospective donors and breast cancer survivors, and claiming ownership of THC funds on deposit in a Kansas City bank account they had opened in the name of THC.

55.     In that lawsuit, the KC Group filed a discovery motion that misrepresented facts, namely that THC was refusing to permit payment of company debts, when THC had merely asked the KC Group to provide copies of invoices the KC Group had refused to hand over.

56.     As a result of these misrepresented facts, the court appointed a Receiver, *sua sponte*.

57.     At the urging of the KC Group's counsel, despite knowing that the KC Group's only claim to any involvement in the affairs of THC were pursuant to the spurious Logan Bylaws, the Receiver declared his intention, without any due process, to sell all of THC's assets and "shut the company down."

58.     The Receiver later revised his plan, without having made any effort to understand the factual allegations in the lawsuit, including the KC Group's specious claims based on the Logan Bylaws, to split THC's assets between Mullenix and the KC Group.

59.     In the interim, the KC Group had started their own nonprofit corporation (now known as "Peace Out Cancer") with a mission similar to THC's.

60.     Despite forming this new competing nonprofit corporation, the KC Group refused to relinquish whatever rights they believed they had to control THC pursuant to the Logan Bylaws, continued their efforts to pressure the Receiver to award their new nonprofit half of THC's assets in reliance on claims they made pursuant to the Logan Bylaws, and continued to damage THC's business and its mission by refusing to relinquish control of THC's website and other social media account, based again on claims they were making in reliance on the Logan Bylaws.

61.     THC was effectively held hostage as it could not operate while a receiver was in place, but the KC Group's refusal to resign whatever management positions they claimed under the Logan Bylaws meant that they could freely operate their Peace Out Cancer nonprofit while THC was crippled by their actions and the Receivership they were manipulating for their own benefit and the benefit of their new enterprise.

62.     THC concluded it had no option but to file a second suit against the KC Group for breach of the fiduciary duties they would have owed to THC as purported officers and directors of THC pursuant to the Logan Bylaws.

63.     Finally caught in a position from which they could not further maneuver, the KC Group came to the settlement table and disposed of both lawsuits, which was necessary to permit THC to rebuild from the damage done to it by the KC Group's claims pursuant to the Logan Bylaws, and return to its mission of helping breast cancer survivors.

64.     An attorney-client relationship existed between Plaintiff and Defendants.

65.     Defendants had a duty to exercise reasonable care in the rendering of legal services to Plaintiff.

66.     Defendants breached their duty to Plaintiff, in that Defendants, *inter alia:*

11

a.      failed to disclose a conflict of interest arising from its prior representation of the KC Group in matters related to Plaintiff, which if disclosed would have resulted in Plaintiff selecting other counsel;

b.      failed to perform the investigation they represented they were performing into Plaintiff's organizational history as a basis for confirming that Plaintiff was operating in compliance with applicable laws;

c.      failed to review or reviewed and failed to disclose the contents of documents in their possession that revealed that Plaintiff already had a Board of Directors that did not include any of the KC Group;

d.      failed to review or reviewed and failed to disclose the contents of documents in their possession that confirmed that Plaintiff had previously adopted Bylaws (Amended and Restated Bylaws);

e.      failed to inquire into and/or resolve what should have been obvious and direct discrepancies between what the KC Group was telling Defendants concerning the KC Group's management roles in Plaintiff and what Plaintiff's organizing documents and publicly available state records revealed or would have revealed had Defendants obtained and/or reviewed them with due care;

f.      failed to make any effort to contact Plaintiff's long-standing St. Louis counsel when they were unable to obtain Plaintiff's then existing Bylaws (Amended and Restated Bylaws) as part of their efforts to perform a competent and comprehensive review of Plaintiff's organizational structure and compliance with applicable laws; and

       g.      falsely assured and represented to Plaintiff that the Logan Bylaws did not provide a mechanism for the KC Group, or any other volunteers invited into management, to remove Mullenix from overall management and control of the corporation.

67.     Defendants further breached their duty to Plaintiff by failing to exercise reasonable care in preparing the Logan Bylaws for Plaintiff, in that Defendants, *inter alia*:

       a.      included no recitals in the Logan Bylaws confirming the record of Plaintiff's formation and organization, including its adoption of prior Bylaws (Amended and Restated Bylaws) that would be replaced by their Logan Bylaws;

       b.      misidentified Plaintiff's place of business in the Preamble of the Logan Bylaws as "the City of St. Louis, County of St. Louis";

       c.      provided in Article II of the Logan Bylaws that Plaintiff could not have members even though Plaintiff's Articles of Incorporation were amended and restated a mere four months before Defendants began working for Plaintiff to expressly provide that Plaintiff would have members;

       d.      provided in Article III, Section 2 that a director of the corporation need not be a member, implying there were members, though the Logan Bylaws elsewhere provided that the corporation would have no members;

       e.      provided in Article III, Section 2 that the incorporator would fix the number of directors when Defendants knew or should have known from the Annual Registration Reports and other documents on file with the Missouri Secretary of State that Plaintiff in fact already had a Board consisting of three directors, none of whom were members of the KC Group;

f.     provided in Article III, Section 4, on three occasions, that directors of the corporation would serve until the next meeting of members even though the Logan Bylaws provided elsewhere that the corporation would have no members;

g.     provided in Article III, Section 4 that directors of the corporation would be elected at meetings of the members while Article III, Section 3 provided that directors would be elected at meetings of the directors;

h.     provided in Article III, Section 4 that vacancies in director positions would be filled at the next meeting of the members while Article III, Section 5 provided that vacancies would be filled by the Board of Directors;

i.     provided in Article III, Section 6 that directors of the corporation could be removed without cause a meeting of the members, upon notice to the members, even though the Logan Bylaws provided elsewhere that the corporation would have no members;

j.     provided in Article IV, Section 2 that officers will be elected annually by the board at the "regular annual meeting of the Board" even though Article III, Section 9 of the Logan Bylaws provides separately for annual, regular and special meeting, with difference notice requirements;

k.     provided in Article IV, Section 5 that the President of the corporation would preside at all meetings of the members even though the Logan Bylaws provided elsewhere that the corporation would have no members;

l.     provided in Article IV, Section 8 that the Secretary of the corporation would keep minutes of the meetings of the members even though the Logan Bylaws provided elsewhere that the corporation would have no members;

14

m.      provided in Article V, Section 3 that each member of any Board committee of the corporation would serve until the next annual meeting of the members even though the Logan Bylaws elsewhere provide that the corporation would have no members;

n.      provided in Article VII that the corporation shall keep minutes of the proceedings of its members and records of names and addresses of members entitled to vote even though the Logan Bylaws provide elsewhere that the corporation would have no members;

o.      the Logan Bylaws (one of the corporation's purported "organizing documents") do not include any provision that limits the corporation's purposes to exempt purposes set forth in Section 501(c)(3) of the Internal Revenue Code;

p.      the Logan Bylaws (one the corporation's purported "organizing documents") do not include any provision that states that the corporation's assets must be permanently dedicated to exempt purposes under Section 501(c)(3) of the Internal Revenue Code and that, upon dissolution, the corporation's assets must be distributed only for such exempt purposes or the federal government or to a state or local government for a public purpose; and

q.      the Logan Bylaws failed to provide for a conflict-of-interest provision even though such provisions are customary and recommended for the protection of tax-exempt corporations, and despite Defendants' advance knowledge of the KC Group's desire to pay themselves six-figure salaries from tax exempt funds received by Plaintiff, which Defendants then allowed in Article II, Section 11 of the Logan Bylaws via vote of a majority of directors.

68.    Plaintiff has been damaged as a result of Defendants' negligence, to wit:

a.      it has had to forego assets;

b.      it has incurred costs to pay a receiver;

c.      it has incurred attorneys' fees and other costs; and

d.      it has lost donation opportunities.

WHEREFORE Plaintiff prays this Court enter judgment in its favor in excess of $25,000.00, for costs and fees incurred herein, and such other and further relief as this Court deems just and proper.

Respectfully submitted,
HEIN SCHNEIDER & BOND P.C.

*/s/ Jill R. Rembusch*
Jill R. Rembusch   #46251
2244 S. Brentwood Boulevard
St. Louis, Missouri 63144
(314) 863-9100
(314) 863-9101 (Fax)
jrr@hsbattorneys.com
*Attorney for Plaintiff*

## CERTIFICATE SERVICE

I hereby certify that on the 16th day of February 2022, I electronically filed the foregoing with the Clerk of the Court using the Missouri Courts electronic filing system which sent notification of such filing to all counsel of record. I further certify that I signed, or caused my electronic signature to be placed upon, the original of the foregoing document.

*/s/ Bridget Gunn-Kruzel*

16

**22SL-CC01008**

N01321153

Date Filed: 06/13/2013

Jason Kander

Secretary of State

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

## ARTICLES OF INCORPORATION OF A
## NONPROFIT COPORATION

**SECRETARY OF STATE**
**STATE OF MISSOURI**
**CORPORATIONS DIVISION**
**P.O. BOX 778**
**JEFFERSON CITY, MISSOURI 65102**

The undersigned natural person of the age of 18 years or more, for the purpose of forming a corporation under The Missouri Nonprofit Corporation Act, adopts the following Articles of Incorporation:

**Article 1.**      The name of the corporation is THE HEALING CHAIR, INC.

**Article 2.**      The corporation is a Public Benefit Corporation.

**Article 3.**      The period of duration of the corporation is perpetual.

**Article 4.**      The name of the corporation's initial registered agent in Missouri and the address of the corporation's initial registered office in Missouri are as follows: Missouri Business Services, Inc., 1650 Des Peres Road, Suite 150, Saint Louis, Missouri 63131.

**Article 5.**      The name and physical business address of the incorporator is as follows: Carol Mullenix, c/o Niemann Rourke, LLC, 1650 Des Peres Road, Suite 150, St. Louis, Missouri 63131, (314) 822-7171.

**Article 6.**      The corporation shall not have members.

**Article 7.**      The corporation is organized exclusively for charitable, educational, health, scientific and research purposes within the meaning of section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code), including, for such purposes, raising funds for breast cancer research, therapies, treatment, healing and education and engaging in activities which raise awareness of breast cancer, therapies, treatments, healing and education, and making distributions to organizations that qualify as exempt organizations under section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code).

**Article 8.**      No part of the net earnings of the corporation shall inure to the benefit of, or be distributable to, its members, trustees, directors, officers or other private persons except that the corporation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth in Article 7 hereof.



EXHIBIT
A



State of Missouri
Creation - NonProfit 2 Page(s)

T1316402068

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

**Article 9.**      No substantial part of the activities of the corporation shall be carrying on of propaganda, or otherwise attempting to influence legislation, and the corporation shall not participate in, or intervene in (including the publishing or distribution of statements) any political campaign on behalf of or in opposition to any candidate for public office  Notwithstanding any other provision of these articles, the corporation shall not carry on any other activities not permitted to be carried on (a) by a corporation exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code), or (b) by a corporation contributions to which are deductible under section 170(c)(2) of the Internal Revenue Code (or the corresponding section of any future federal tax code).

**Article 10.**      Upon the dissolution of the corporation, assets shall be distributed for one or more exempt  purposes within the meaning of section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code), or to one or more organizations that shall qualify as exempt organizations under section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code), as the Board of Directors of the corporation shall determine to be appropriate.   Any such assets not so disposed of shall be disposed of by the Circuit Court of the county in which the principal office of the corporation is then located, exclusively for charitable, educational, health, scientific and research purposes within the meaning of section 501(c)(3) of the Internal Revenue Code (or the corresponding provision of any future federal tax code), or to one or more organizations which are organized and operated exclusively for such purposes, all as such Court shall determine.

**Article 11.**      The effective date of this document is the date it is filed with the Secretary of State of Missouri.

In Affirmation thereof, the facts stated above are true and correct and these Articles of Incorporation have been executed this 10th day of June, 2013.


Carol Mullenix
Incorporator


Name and address to return filed document:

Name:  Niemann Rourke, LLC

Address:  1650 Des Peres Road, Suite 150

City, State, and Zip Code:  St. Louis, Missouri  63131

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

# State of Missouri



### Jason Kander
### Secretary of State

#### CERTIFICATE OF INCORPORATION
#### MISSOURI NONPROFIT

WHEREAS, Articles of Incorporation of

*THE HEALING CHAIR, INC.*
*N01321153*

have been received and filed in the Office of the Secretary of State, which Articles, in all respects, comply with the requirements of Missouri Nonprofit Corporation Law;

NOW, THEREFORE, I, JASON KANDER, Secretary of the State of Missouri do by virtue of the authority vested in me by law, do hereby certify and declare this entity a body corporate, duly organized this date and that it is entitled to all rights and privileges granted corporations organized under the Missouri Nonprofit Corporation Law.

IN TESTIMONY WHEREOF, I hereunto
set my hand and cause to be affixed the
GREAT SEAL of the State of Missouri.
Done at the City of Jefferson, this
13th day of June, 2013.



Secretary of State

22SL-CC01008

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

*BYLAWS*
*OF*
*THE HEALING CHAIR, INC.*

### ARTICLE I - Name

The name of the organization is The Healing Chair, Inc. (hereinafter the "Corporation").

### ARTICLE II - Incorporation

This Corporation has been organized a not-for-profit corporation according to the laws of the State of Missouri.

### ARTICLE III - Purpose

**Sec. 1** The Corporation has been organized exclusively for charitable, educational, health, scientific and research purposes within the meaning of section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code), including, for such purposes, raising funds for breast cancer research, therapies, treatment, healing and education and engaging in activities which raise awareness of breast cancer, therapies, treatments, healing and education, and making distributions to organizations that qualify as exempt organizations under section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code).

**Sec. 2** The mission of the Corporation is to raise funds for breast cancer research, therapies (including healing chair therapy), treatment, healing and education, and to engage in and promote activities which raise awareness of breast cancer, therapies, treatments, healing and education.

### ARTICLE IV – Board of Directors

**Sec. 1**  The business, property and affairs of the Corporation shall be controlled and managed by its Board of Directors.

**Sec. 2**  The initial number of directors of the Corporation is four (4).  The number of directors may be changed by the Corporation's Board of Directors at a special or annual meeting duly called and held by approval of at least three quarters of the total number of Directors then serving; provided, however, that the minimum number of Directors shall be three (3).  At the first annual meeting of Directors and at each annual meeting thereafter, the Directors shall appoint the directors to hold office until the next annual meeting, except as herein provided.  Each Director shall hold office for the term for which he or she is elected or until his or her successor has been elected and qualified. In case of the death or resignation or disqualification of one or more of the Directors, a majority of the remaining Directors, though less than a quorum, may, but shall not be required to, fill such vacancy or vacancies until the successor or successors are elected at the next annual meeting of the Directors.  A director elected to fill a vacancy shall serve as such until the next annual meeting of the Directors, except as herein otherwise provided.



EXHIBIT
B

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

**Sec. 3** A majority of the Board of Directors of the Corporation constitutes a quorum for the transaction of business at a meeting of the Board of Directors, and the act of the majority of such quorum present at any such meeting shall be the act of the Board of Directors except as otherwise herein expressly provided.

**Sec. 4** The annual meeting of the Board of Directors shall be held during the first quarter of each fiscal year of the Corporation. In the event of adjournment of such annual meeting of the Board of Directors because a quorum is not present or otherwise, such meeting may be held, without further notice, at any place within or without the State of Missouri as may be designated by the Directors adjourning such meeting, provided a quorum is then present at such next meeting. All other meetings of the Board of Directors shall be held at the principal place of business of the Corporation or such other place within or without the State of Missouri as may be designated by the Board of Directors or by the executive committee thereof in absence of such designation by the Board of Directors. Regular meetings of the Board of Directors may be held without notice at such time and place as may be determined by the Board of Directors. Special meetings of the Board of Directors may be held at any time upon the call of the President of the Corporation or the call of any Director.

**Sec. 5** Notice of any special meeting of the Board of Directors shall be given at least two days prior thereto in writing delivered personally or mailed to each Director. Notice given by mail is deemed to be delivered one day after deposited in the United States mail in a sealed envelope so addressed with postage thereon prepaid. Notice to a Director may be waived by executing a written waiver thereof or by attendance at any meeting except where a director attends a meeting for the express purpose of objecting to the transaction of any business because the meeting was not lawfully called or convened. Notice or waiver of notice of any regular or special meeting of the Board of Directors may but need not state the business to be transacted nor the purpose thereof, except as otherwise required by these Bylaws.

**Sec. 6** Directors shall not receive any compensation for service as Directors of the Corporation.

**Sec. 7** In accordance with Section 355.381 of The Nonprofit Corporation Law of Missouri, if all the Directors severally or collectively consent in writing to any action taken or to be taken by the Directors, such consents shall have the same force and effect as a unanimous vote of the Directors at a meeting duly held. The secretary of the Corporation shall file such consents with the minutes of the meetings of the Board of Directors. Formal meetings of the Directors need not be held where the action of all the Directors are consented to in writing.

**Sec. 8** A Director may resign at any time for any reason. Any such resignation must be in writing and must be delivered to the President and Secretary of the Corporation. A resignation is effective upon such delivery. A Director may be removed with or without cause only by a vote of the Directors of the Corporation. Such Director, if he or she is to be removed for cause, must be made fully aware of the allegations against him or her and given an opportunity to defend his or her actions if he or she so chooses. The removal procedure shall be conducted at a special meeting of the Directors called for such purpose. The Director may be removed only upon the vote of a

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

majority of the Directors present (either in person or by proxy) at such meeting, provided there is a quorum.

**Sec. 9**  The President of the Corporation shall preside at all meetings of the Board of Directors, or, in her absence, the Secretary of the Corporation shall preside.  If neither the President nor the Secretary is available or able to preside, the party who called the meeting shall preside.

**Sec. 10** Directors may participate in a meeting of the Board of Directors by means of a conference telephone or similar communications equipment whereby all persons participating in the meeting can hear each other.  Participation in a meeting in this manner constitutes presence in person at the meeting.

## ARTICLE V - Committees

**Sec. 1**  An executive committee of two or more Directors may be created by a majority vote of the entire Board of Directors to serve at the pleasure of the Board, and one of such Directors shall be designated to act as Chairman thereof.  The Board of Directors shall fill the vacancies on the committee.  Between meetings of the Board of Directors, the executive committee, if it is created, possesses and may exercise any and all powers of the Board of Directors in the management of the business and affairs of the Corporation to the extent authorized by resolution adopted by a majority vote of the entire Board of Directors.  The executive committee shall keep a complete record of its activities and regularly report them to the Board of Directors at every meeting thereof.  All actions taken by the executive committee are subject to revision, alteration or change by the Board of Directors, provided that rights of third persons may not be affected thereby.

**Sec. 2**  A majority of the executive committee constitutes a quorum for the transaction of business.  The executive committee may determine the time and place for its meetings, the notice necessary therefor and its rules of procedure.

**Sec. 3**  The Board of Directors, by resolution, may provide for such other committees as it deems necessary or desirable to serve at its pleasure and to have such powers and perform such functions as may be assigned to them.

## ARTICLE VI - Officers

**Sec. 1**  The Officers of the Corporation shall be the President, a Treasurer  (or Co-Treasurers) and a Secretary, and, if so elected by the Board of Directors, one or more vice presidents, assistant secretaries and assistant treasurers.  The President shall be selected from the Board of Directors.

**Sec. 2**  The President, Treasurer(s) and Secretary shall be elected at the annual meeting of the Board of Directors, and hold office at the pleasure of the Board of Directors until their successors are elected or until they are removed as provided herein.  The other officers may be elected by the Board of Directors at any meeting thereof to hold office at the pleasure of the Board of Directors.  If more than one vice president should be elected, the Board of Directors at the time of the election shall determine the seniority, if any, of each of the vice presidents.

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

**Sec. 3** An Officer of the Corporation elected by the Board of Directors may be removed with or without cause at any time only by a vote of the Board of Directors. The Officer may be removed only upon the vote of a majority of the Directors present at such meeting, provided there is a quorum. However, if the Officer to be removed is a Director, he or she may not vote on removal.

**Sec. 4** A vacancy in any office caused by the death, resignation or removal of the Officer or otherwise may but need not be filled by the Board of Directors for the unexpired term.

**Sec. 5** Officers of the Corporation shall receive no compensation for their service as Officers of the Corporation.

**Sec. 6.** An Officer of the Corporation may resign at any time for any reason. Any such resignation must be in writing and be delivered to the President or the Secretary of the Corporation. A resignation is effective upon such delivery.

<u>**ARTICLE VII – Duties of Officers**</u>

**Sec. 1** The President shall supervise and control the business, property and affairs of the Corporation, subject to the authority given to the Board of Directors, and shall preside at all meetings of the Board of Directors in the absence of a chairman of the Board of Directors. The President shall perform all duties incident to her office, including executing all contracts or other instruments, except where the execution thereof is expressly delegated by the Board of Directors or the Corporation's governing documents to another officer or agent of the Corporation, or is required by law to be otherwise executed.

**Sec. 2** The Secretary shall attend all meetings of the Board of Directors and shall record votes and keep minutes of such meetings in one or more books provided for that purpose. In addition, in the absence of the president, the secretary shall perform the duties and exercise the powers of the President if no vice president is elected. The Secretary will give all notices in the manner required by the Corporation's governing documents or by law and will be the custodian of the corporate records. The Secretary will, in general, perform all duties incident to the office of secretary and perform such other duties as may be required by the Board of Directors or the President, under whose supervision se is. If the Secretary is absent from any meeting, the Board of Directors may select any of their number, or any assistant secretary, to act as temporary secretary.

**Sec. 3** The Treasurer (or Co-Treasurers if appointed) have control and custody of the funds of the Corporation and they will keep and maintain in books and records of the Corporation accurate accounts of receipts and disbursements, and will deposit all monies of the Corporation in the name of the Corporation in such depositories as the Board of Directors or President may designate. The Co-Treasurers will make disbursements of the funds of the Corporation upon order of the Board of Directors or the President and obtain proper vouchers therefor. They will report to the Board of Directors, at all meetings thereof, concerning the financial condition of the Corporation and the performance of their duties as Co-Treasurers. In general, they will perform all duties incident to the office of treasurer and will, upon request of the Board of Directors, furnish a bond for the faithful performance of their duties in such amount and with such surety as the Board may require.

4

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

**Sec. 4**  The Board of Directors may elect such subordinate officers as it deems necessary or desirable to serve for such period and have such authority and perform such duties as the Board of Directors may authorize from time to time.

### ARTICLE VIII – Conflicts of Interest

**Sec. 1**  The purpose of the conflict of interest policy set out in this Article VIII is to protect this tax-exempt Corporation's interest when it is contemplating entering into a transaction or arrangement that might benefit the private interest of an Officer or Director of the Corporation or might result in a possible excess benefit transaction. This policy is intended to supplement but not replace any applicable state and federal laws governing conflict of interest applicable to nonprofit and charitable organizations.

**Sec.2**  The following definitions shall apply in this Article VIII.

(a)  "Interested Person" means any director, officer, or member of a committee with Board delegated powers, who has a direct or indirect financial interest, as defined below.

(b)  A person has a "financial Interest" if the person has, directly or indirectly, through business, investment, or family (i) an ownership or investment interest in any entity with which the Corporation has a transaction or arrangement, (ii) a compensation arrangement with the Corporation or with any entity or individual with which the Corporation has a transaction or arrangement, or (iii) a potential ownership or investment interest in, or compensation arrangement with, any entity or individual with which the Corporation is negotiating a transaction or arrangement. Compensation includes direct and indirect remuneration as well as gifts or favors that are not insubstantial. A financial interest is not necessarily a conflict of interest. A person who has a financial interest may have a conflict of interest only if the appropriate Board or committee decides that a conflict of interest exists.

**Sec. 3**  The following procedures apply in respect of the policies set forth in this Article VIII.

(a)  Duty to Disclose.  In connection with any actual or possible conflict of interest, an interested person must disclose the existence of the financial interest and be given the opportunity to disclose all material facts to the Directors and members of committees with Board delegated powers considering the proposed transaction or arrangement.

(b)  Determining Whether a Conflict of Interest Exists.  After disclosure of the financial interest and all material facts, and after any discussion with the interested person, he/she shall leave the Board or committee meeting while the determination of a conflict of interest is discussed and voted upon. The remaining Board or committee members shall decide if a conflict of interest exists.

(c)  Procedures for Addressing the Conflict of Interest.  An interested person may make a presentation at the governing board or committee meeting, but after the presentation, he/she shall leave the meeting during the discussion of, and the vote on, the transaction or

5

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

arrangement involving the possible conflict of interest. The chairperson of the Board or President of the Corporation or chairperson of the committee shall, if appropriate, appoint a disinterested person or committee to investigate alternatives to the proposed transaction or arrangement. After exercising due diligence, the Board or committee shall determine whether the Corporation can obtain with reasonable efforts a more advantageous transaction or arrangement from a person or entity that would not give rise to a conflict of interest. If a more advantageous transaction or arrangement is not reasonably possible under circumstances not producing a conflict of interest, the Board or committee shall determine by a majority vote of the disinterested Directors whether the transaction or arrangement is in the Corporation's best interest, for its own benefit, and whether it is fair and reasonable. In conformity with the above determination it shall make its decision as to whether to enter into the transaction or arrangement.

**Sec. 4**  The minutes of the Board and all committees with Board delegated power shall contain: (i) the names of the persons who disclosed or otherwise were found to have a financial interest in connection with an actual or possible conflict of interest, the nature of the financial interest, any action taken to determine whether a conflict of interest was present, and the Board's or committee's decision as to whether a conflict of interest in fact existed; and (ii) the names of the persons who were present for discussions and votes relating to the transaction or arrangement, the content of the discussion, including any alternatives to the proposed transaction or arrangement, and a record of any votes taken in connection with the proceedings.

**Sec. 5**  A voting member of the Board who receives compensation, directly or indirectly, from the Corporation for services is precluded from voting on matters pertaining to that member's compensation.  A voting member of any committee whose jurisdiction includes compensation matters and who receives compensation, directly or indirectly, from the Corporation for services is precluded from voting on matters pertaining to that member's compensation. No voting member of the Board or any committee whose jurisdiction includes compensation matters and who receives compensation, directly or indirectly, from the Corporation, either individually or collectively, is prohibited from providing information to any committee regarding compensation.

**Sec. 6**  Each Director, Officer and member of a committee with Board delegated powers shall annually sign a statement which affirms such person: (i) has received a copy of the conflicts of interest policy, (ii) has read and understands the policy, (iii) has agreed to comply with the policy, and (iv) understands the Corporation is charitable and in order to maintain its federal tax exemption it must engage primarily in activities which accomplish one or more of its tax-exempt purposes.

**Sec. 7**  To ensure the Corporation operates in a manner consistent with charitable purposes and does not engage in activities that could jeopardize its tax-exempt status, periodic reviews shall be conducted. The periodic reviews shall, at a minimum, include the following subjects: (i) Whether compensation arrangements and benefits are reasonable, based on competent survey information, and the result of arm's length bargaining; (ii) Whether partnerships, joint ventures, and arrangements with management organizations conform to the Corporation's written policies, are properly recorded, reflect reasonable investment or payments for goods and services, further

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

charitable or scientific purposes and do not result in inurement, impermissible private benefit or in an excess benefit transaction.

**Sec. 8** When conducting the periodic reviews as provided for in this Article VIII, the Corporation may, but need not, use outside advisors. If outside experts are used, their use shall not relieve the Board of its responsibility for ensuring periodic reviews are conducted.

## **ARTICLE IX – Amendments**

These Bylaws may be amended or repealed and new Bylaws may be adopted by a vote of three quarters of the Directors at an annual or special meeting of the Board of Directors at which a quorum is present.

\* \* \* \*

**22SL-CC01008**

Jason Kander Secretary of State
**2014 ANNUAL REGISTRATION REPORT**
NONPROFIT

Electronically Filed - St. Louis County - February 16, 2022 - 09:35 AM

N01321153
**Date Filed: 3/31/2015**
**Jason Kander**
**Missouri Secretary of State**

**＊SECTION 1, 3 & 4 ARE REQUIRED**

| REPORT DUE BY: **8/31/2014** |
|---|

N01321153
**THE HEALING CHAIR, INC.**
**MISSOURI BUSINESS SERVICES, INC.**
**1650 DES PERES ROAD SUITE 150**
**ST. LOUIS MO  63131**

**1**

ORGANIZED UNDER THE LAWS OF:
**Missouri**

**PRINCIPAL PLACE OF BUSINESS OR CORPORATE HEADQUARTERS:**  ＊

**1651 Bennett Ave**                    (Required)

STREET
**St. Louis     MO          63122**
CITY / STATE              ZIP

**2**

If changing the registered agent and/or registered office address, please check the appropriate box(es) and fill in the necessary information.

☐ The new registered agent _____
**IF CHANGING THE REGISTERED AGENT, AN ORIGINAL WRITTEN CONSENT FROM THE NEW
REGISTERED AGENT MUST BE ATTACHED AND FILED WITH THIS REGISTRATION REPORT.**

☐ The new registered office address _____
**Must be a Missouri address, PO Box alone is not acceptable. This section is not applicable for Banks, Trusts and Foreign Insurance.**

**3**

**OFFICERS**
NAME AND PHYSICAL ADDRESS (P.O. BOX ALONE NOT ACCEPTABLE).  **A**
**MUST LIST PRESIDENT AND SECRETARY BELOW**

**BOARD OF DIRECTORS**  ＊
NAME AND PHYSICAL ADDRESS (P.O. BOX ALONE NOT ACCEPTABLE).  **B**
**MUST LIST AT LEAST THREE DIRECTORS BELOW**

| | OFFICERS | | DIRECTORS |
|---|---|---|---|
| **PRESIDENT** | Mullenix, Carol Anne | **NAME** | Mullenix, Carol Ann |
| STREET | 1651 Bennett Ave | STREET | 1651 Bennett Ave |
| CITY/STATE/ZIP | St. Louis MO 63122 | CITY/STATE/ZIP | St. Louis MO 63122 |
| **SECRETARY** | Mullenix, Gregory S | **NAME** | Mullenix, Gregory S |
| STREET | 1651 Bennett Ave | STREET | 1651 Bennett Ave |
| CITY/STATE/ZIP | St. Louis MO 63122 | CITY/STATE/ZIP | St. Louis MO 63122 |
| | | **NAME** | Vitale, Molly |
| STREET | | STREET | 17 Trent Drive |
| CITY/STATE/ZIP | | CITY/STATE/ZIP | St. Louis MO 63124 |
| | | **NAME** | Vitale, Charlie |
| STREET | | STREET | 17 Trent Drive |
| CITY/STATE/ZIP | | CITY/STATE/ZIP | St. Louis MO 63124 |

NAMES AND ADDRESSES OF ALL OTHER OFFICERS AND DIRECTORS ARE ATTACHED

**4**

The undersigned understands that false statements made in this report are punishable for the crime of making a false
declaration under Section 576.060 RSMo. Photocopy or stamped signature not acceptable.  ＊

| Authorized party or officer sign here | Carol Ann Mullenix | | (Required) |
|---|---|---|---|
| Please print name and title of signer | **Carol Ann Mullenix** / | **President** | |
| | NAME | TITLE | |

REGISTRATION REPORT FEE IS:
__$10.00 If filed on or before 8/31/2014
__$15.00 If filed after  9/30/2014

Corporation will be administratively dissolved if report is not filed by
11/29/2015

**WHEN THIS FORM IS ACCEPTED BY THE SECRETARY OF STATE, BY LAW
IT WILL BECOME A PUBLIC DOCUMENT AND ALL INFORMATION
PROVIDED IS SUBJECT TO PUBLIC DISCLOSURE**

E-MAIL ADDRESS (OPTIONAL):  **gsmullenix@gmail.com**

**EXHIBIT**

_C_

**REQUIRED INFORMATION MUST BE COMPLETE OR THE REGISTRATION REPORT WILL BE REJECTED**
RETURN COMPLETED REGISTRATION REPORT AND PAYMENT TO: Secretary of State, P.O. Box 1366, Jefferson City, M

**22SL-CC01008**

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

Jason Kander Secretary of State
**2015 ANNUAL REGISTRATION REPORT**
NONPROFIT

N01321153
**Date Filed: 8/15/2016**
**Jason Kander**
**Missouri Secretary of State**

**\*SECTION 1, 3 & 4 ARE REQUIRED**

REPORT DUE BY:  **8/31/2015**

N01321153
**THE HEALING CHAIR, INC.**
**MISSOURI BUSINESS SERVICES, INC.**
**1650 DES PERES ROAD SUITE 150**
**ST. LOUIS MO  63131**

ORGANIZED UNDER THE LAWS OF:
**Missouri**

PRINCIPAL PLACE OF BUSINESS OR CORPORATE HEADQUARTERS:

1   \*  9666 OLIVE BLVD, STE 690 (Required)
STREET
ST. LOUIS, MO  63132
CITY / STATE                          ZIP

If changing the registered agent and/or registered office address, please check the appropriate box(es) and fill in the necessary information.

☐ The new registered agent

2   IF CHANGING THE REGISTERED AGENT, AN ORIGINAL WRITTEN CONSENT FROM THE NEW
REGISTERED AGENT MUST BE ATTACHED AND FILED WITH THIS REGISTRATION REPORT.

☐ The new registered office address

Must be a Missouri address, PO Box alone is not acceptable. This section is not applicable for Banks, Trusts and Foreign Insurance.

| OFFICERS **A** NAME AND PHYSICAL ADDRESS (P.O. BOX ALONE NOT ACCEPTABLE). **MUST LIST PRESIDENT AND SECRETARY BELOW** | BOARD OF DIRECTORS **B** NAME AND PHYSICAL ADDRESS (P.O. BOX ALONE NOT ACCEPTABLE). **MUST LIST AT LEAST THREE DIRECTORS BELOW** |
|---|---|
| **PRESIDENT** CAROL A. MULLE(Required) STREET 1651 Bennett Ave CITY/STATE/ZIP St. Louis, mo 63122 | **NAME** CAROL A. MULLENIX (Required) STREET 1651 Bennet Ave CITY/STATE/ZIP St. Louis mo 63122 |
| **V-PRES** STREET CITY/STATE/ZIP | **NAME** GREGORY S. MULLENIX 1651 Bennett Avenue St. Louis, mo 63122 |
| **SECRETARY** CAROL A. MULLE(Required) STREET 1651 Bennett Ave CITY/STATE/ZIP St. Louis, mo 63122 | **NAME** Thomas J. Niemann STREET 9666 OLIVE BLVD, # 690 CITY/STATE/ZIP St. Louis mo 63132 |
| **TREASURER** STREET CITY/STATE/ZIP | **NAME** STREET CITY/STATE/ZIP |

NAMES AND ADDRESSES OF ALL OTHER OFFICERS AND DIRECTORS ARE ATTACHED

4   The undersigned understands that false statements made in this report are punishable for the crime of making a false declaration under Section 576.060 RSMo. Photocopy or stamped signature not acceptable.

Authorized party or officer sign here _____ (Required)

Please print name and title of signer:  THOMAS J. NIEMANN / AUTHORIZED AGENT
NAME                                        TITLE

REGISTRATION REPORT FEE IS:
  $15.00 if filed on or before 8/31/2015
☒ $20.00 if filed after 8/31/2015

Corporation will be administratively dissolved if report is not filed by
11/30/2015

WHEN THIS FORM IS ACCEPTED BY THE SECRETARY OF STATE, BY LAW
IT WILL BECOME A PUBLIC DOCUMENT AND ALL INFORMATION
PROVIDED IS SUBJECT TO PUBLIC DISCLOSURE

E-MAIL ADDRESS (OPTIONAL):  tom@tjnlawoffices.com

ORI-08172016-1043 State of Missouri
No of Pages 1 Page



Annual Registration Report

REGISTRATION REPORT WILL BE REJECTED
retary of State, P.O. Box 1366, Jefferson City, MO 651



**EXHIBIT**

D

**22SL-CC01008**

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

Jason Kander Secretary of State
**2016 ANNUAL REGISTRATION REPORT**
NONPROFIT

N01321153
**Date Filed: 8/15/2016**
**Jason Kander**
**Missouri Secretary of State**

---

**\* SECTION 1, 3 & 4 ARE REQUIRED**

REPORT DUE BY:  **8/31/2016**

N01321153
THE HEALING CHAIR, INC.
MISSOURI BUSINESS SERVICES, INC.
1650 DES PERES ROAD SUITE 150
ST. LOUIS MO 63131

ORGANIZED UNDER THE LAWS OF:
**Missouri**

PRINCIPAL PLACE OF BUSINESS OR CORPORATE HEADQUARTERS:

**1** 9666 OLIVE BLVD, #690 (Required)
STREET
ST. LOUIS   MO   63132
CITY / STATE          ZIP

---

If changing the registered agent and/or registered office address, please check the appropriate box(es) and fill the necessary information.

☐ The new registered agent

**2** IF CHANGING THE REGISTERED AGENT, AN ORIGINAL WRITTEN CONSENT FROM THE NEW
REGISTERED AGENT MUST BE ATTACHED AND FILED WITH THIS REGISTRATION REPORT.

☒ The new registered office address  9666 OLIVE BLVD, #690, ST LOUIS, MO 63132

Must be a Missouri address, PO Box alone is not acceptable. This section is not applicable for Banks, Trusts and Foreign Insurance.

---

**OFFICERS**
NAME AND PHYSICAL ADDRESS (P.O. BOX ALONE NOT
ACCEPTABLE). MUST LIST PRESIDENT AND SECRETARY BELOW   **A**

**BOARD OF DIRECTORS**
NAME AND PHYSICAL ADDRESS (P.O. BOX ALONE NOT ACCEPTABLE).
MUST LIST AT LEAST THREE DIRECTORS BELOW   **B**

**3**

**PRESIDENT** CAROL A. MULLEN (Required)
STREET 1651 Bennett Ave
CITY/STATE/ZIP St. Louis, MO 63122

**V-PRES**
STREET
CITY/STATE/ZIP

**SECRETARY** THOMAS J. NICHOLS (Required)
STREET 9666 OLIVE BLVD #690
CITY/STATE/ZIP ST. LOUIS, MO 63132

**TREASURER**
STREET
CITY/STATE/ZIP

**NAME** CAROL A. MULLENIX (Required)
STREET 1651 Bennett Ave
CITY/STATE/ZIP St. Louis, MO 63122

**NAME** GREGORY S. MULLENIX
STREET 1651 Bennett Ave.
CITY/STATE/ZIP St. Louis, MO 63122

**NAME** THOMAS J. NICHOLS
STREET 9666 OLIVE BLVD, #690
CITY/STATE/ZIP ST LOUIS MO 63132

**NAME**
STREET
CITY/STATE/ZIP

---

NAMES AND ADDRESSES OF ALL OTHER OFFICERS AND DIRECTORS ARE ATTACHED

The undersigned understands that false statements made in this report are punishable for the crime of making a false
declaration under Section 576.060 RSMo. Photocopy or stamped signature not acceptable.

**4** Authorized party or officer sign here 

(Required)

Please print name and title of signer: Thomas J. Nichols / SECRETARY/AUTHORIZED AGENT
NAME                                                    TITLE

---

REGISTRATION REPORT FEE IS:
☐ $15.00 if filed on or before 8/31/2016
☒ $20.00 if filed after 8/31/2016

Corporation will be administratively dissolved if report is not filed by
11/30/2016

WHEN THIS FORM IS ACCEPTED BY THE SECRETARY OF STATE, BY LAW
IT WILL BECOME A PUBLIC DOCUMENT AND ALL INFORMATION
PROVIDED IS SUBJECT TO PUBLIC DISCLOSURE

E-MAIL ADDRESS (OPTIONAL): tom@tjnlawoffices.com

---

ORI-08172016-1044 State of Missouri
No of Pages 1 Page

Annual Registration Report

...STRATION REPORT WILL BE REJECTED
...y of State, P.O. Box 1366, Jefferson City, MO 65...



EXHIBIT
E

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

John R. Ashcroft Secretary of State
**2017 ANNUAL REGISTRATION REPORT**
NONPROFIT

**N01321153**
**Date Filed: 8/30/2017**
**John R. Ashcroft**
**Missouri Secretary of State**

**\* SECTION 1, 3 & 4 ARE REQUIRED**

REPORT DUE BY: **8/31/2017**

**N01321153**
**THE HEALING CHAIR, INC.**
**MISSOURI BUSINESS SERVICES, INC.**
**9666 OLIVE BLVD. #690**
**ST. LOUIS MO  63132**

**1**

ORGANIZED UNDER THE LAWS OF:
**Missouri**

**PRINCIPAL PLACE OF BUSINESS OR CORPORATE HEADQUARTERS:** **\***

**9666 Olive Blvd.**                     (Required)

**#690**
STREET
**Saint Louis    MO        63132**
CITY / STATE              ZIP

**2**

If changing the registered agent and/or registered office address, please check the appropriate box(es) and fill in the necessary information.

☐ The new registered agent _____
**IF CHANGING THE REGISTERED AGENT, AN ORIGINAL WRITTEN CONSENT FROM THE NEW**
**REGISTERED AGENT MUST BE ATTACHED AND FILED WITH THIS REGISTRATION REPORT.**

☐ The new registered office address _____

Must be a Missouri address, PO Box alone is not acceptable. This section is not applicable for Banks, Trusts and Foreign Insurance.

**3**

| OFFICERS | | BOARD OF DIRECTORS | |
|---|---|---|---|
| NAME AND PHYSICAL ADDRESS (P.O. BOX ALONE NOT ACCEPTABLE). **MUST LIST PRESIDENT AND SECRETARY BELOW** | **A** | NAME AND PHYSICAL ADDRESS (P.O. BOX ALONE NOT ACCEPTABLE). **MUST LIST AT LEAST THREE DIRECTORS BELOW** | **B** \* |

**PRESIDENT**   Mullenix, Carol Anne
STREET        1651 Bennett Ave
CITY/STATE/ZIP   St. Louis MO 63122
**SECRETARY**   Mullenix, Carol Anne
STREET        1651 Bennett Ave
CITY/STATE/ZIP   St. Louis MO 63122
STREET
CITY/STATE/ZIP
STREET
CITY/STATE/ZIP

**NAME**   Niemann, Thomas J.
STREET    9666 Olive Blvd #690
CITY/STATE/ZIP   St. Louis MO 63132
**NAME**   Mullenix, Carol Ann
STREET    1651 Bennett Ave
CITY/STATE/ZIP   St. Louis MO 63122
**NAME**   Mullenix, Gregory S
STREET    1651 Bennett Ave
CITY/STATE/ZIP   St. Louis MO 63122
**NAME**
STREET
CITY/STATE/ZIP

NAMES AND ADDRESSES OF ALL OTHER OFFICERS AND DIRECTORS ARE ATTACHED

**4**

The undersigned understands that false statements made in this report are punishable for the crime of making a false declaration under Section 576.060 RSMo. Photocopy or stamped signature not acceptable. **\***

Authorized party or officer sign here   **Carol Anne Mullenix**          (Required)

Please print name and title of signer:   **Carol Anne Mullenix** / **President**
NAME                         TITLE

REGISTRATION REPORT FEE IS:
__$10.00 If filed on or before 8/31/2017
__$15.00 If filed after 9/30/2017

Corporation will be administratively dissolved if report is not filed by 11/29/2018

**WHEN THIS FORM IS ACCEPTED BY THE SECRETARY OF STATE, BY LAW**
**IT WILL BECOME A PUBLIC DOCUMENT AND ALL INFORMATION**
**PROVIDED IS SUBJECT TO PUBLIC DISCLOSURE**

E-MAIL ADDRESS (OPTIONAL): _____

**REQUIRED INFORMATION MUST BE COMPLETE OR THE REGISTRATION REPORT WILL BE REJECTED**
RETURN COMPLETED REGISTRATION REPORT AND PAYMENT TO: Secretary of State, P.O. Box 1366, Jefferson City, MO 65102

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

John R. Ashcroft Secretary of State
**2018 ANNUAL REGISTRATION REPORT**
NONPROFIT

**N01321153**
**Date Filed: 11/28/2018**
**John R. Ashcroft**
**Missouri Secretary of State**

**✱ SECTION 1, 3 & 4 ARE REQUIRED**

REPORT DUE BY: **8/31/2018**

N01321153
**THE HEALING CHAIR, INC.**
CAROL MULLENIX
1651 BENNETT AVENUE
ST. LOUIS MO 63132

**1**

ORGANIZED UNDER THE LAWS OF:
Missouri

**PRINCIPAL PLACE OF BUSINESS OR CORPORATE HEADQUARTERS:** ✱

1651 Bennett Ave                     (Required)

STREET
**St Louis   MO        63122**
CITY / STATE            ZIP

**2**

If changing the registered agent and/or registered office address, please check the appropriate box(es) and fill in the necessary information.

☐ The new registered agent _____
IF CHANGING THE REGISTERED AGENT, AN ORIGINAL WRITTEN CONSENT FROM THE NEW
REGISTERED AGENT MUST BE ATTACHED AND FILED WITH THIS REGISTRATION REPORT.

☐ The new registered office address _____
Must be a Missouri address, PO Box alone is not acceptable. This section is not applicable for Banks, Trusts and Foreign Insurance.

**3**

| OFFICERS — NAME AND PHYSICAL ADDRESS (P.O. BOX ALONE NOT ACCEPTABLE). **MUST LIST PRESIDENT AND SECRETARY BELOW**  **A** | | BOARD OF DIRECTORS ✱ — NAME AND PHYSICAL ADDRESS (P.O. BOX ALONE NOT ACCEPTABLE). **MUST LIST AT LEAST THREE DIRECTORS BELOW**  **B** | |
|---|---|---|---|
| **PRESIDENT** | Mullenix, Carol Anne | **NAME** | Mullenix, Gregory S |
| STREET | 1651 Bennett Ave | STREET | 1651 Bennett Ave |
| CITY/STATE/ZIP | St. Louis MO 63122 | CITY/STATE/ZIP | St. Louis MO 63122 |
| **SECRETARY** | Slusher, Jannette A Mullenix | **NAME** | Niemann, Thomas J. |
| STREET | 1651 Bennett Ave | STREET | 9666 Olive Blvd #690 |
| CITY/STATE/ZIP | St Louis MO 63122 | CITY/STATE/ZIP | St. Louis MO 63132 |
| **VICE PRESIDENT** | Taitt, Amy A Mullenix | **NAME** | Mullenix, Carol Ann |
| STREET | 1651 Bennett Ave | STREET | 1651 Bennett Ave |
| CITY/STATE/ZIP | St Louis MO 63122 | CITY/STATE/ZIP | St. Louis MO 63122 |
| **TREASURER** | Moroney, Marcia | **NAME** | |
| STREET | 1651 Bennett Ave | STREET | |
| CITY/STATE/ZIP | St. Louis MO 63122 | CITY/STATE/ZIP | |

NAMES AND ADDRESSES OF ALL OTHER OFFICERS AND DIRECTORS ARE ATTACHED

**4**

The undersigned understands that false statements made in this report are punishable for the crime of making a false declaration under Section 575.060 RSMo. Photocopy or stamped signature not acceptable. ✱

Authorized party or officer sign here     **Carol A Mullenix**                     (Required)

Please print name and title of signer:     **Carol A Mullenix**     /     **Director**
                                            NAME                         TITLE

REGISTRATION REPORT FEE IS:
__ $10.00 If filed on or before 8/31/2018
__ $15.00 If filed after 9/30/2018

Corporation will be administratively dissolved if report is not filed by 11/29/2019

**WHEN THIS FORM IS ACCEPTED BY THE SECRETARY OF STATE, BY LAW
IT WILL BECOME A PUBLIC DOCUMENT AND ALL INFORMATION
PROVIDED IS SUBJECT TO PUBLIC DISCLOSURE**

E-MAIL ADDRESS (OPTIONAL):     carolhermanmullenix@gmail.com

**REQUIRED INFORMATION MUST BE COMPLETE OR THE REGISTRATION REPORT WILL BE REJECTED**
RETURN COMPLETED REGISTRATION REPORT AND PAYMENT TO: Secretary of State, P.O. Box 1366, Jefferson City, MO 65102

**22SL-CC01008**

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

> **N01321153**
> **Date Filed: 5/12/2017**
> **John R. Ashcroft**
> **Missouri Secretary of State**

**FIRST AMENDED AND REST**
**ARTICLES OF INCORPORATION OF**
**THE HEALING CHAIR, INC.**

**SECRETARY OF STATE**
**STATE OF MISSOURI**
**CORPORATIONS DIVISION**
**P.O. BOX 778**
**JEFFERSON CITY, MISSOURI 65102**

The undersigned Missouri nonprofit corporation, for the purpose of amending and restating its Articles of Incorporation, hereby executes these First Amended and Restated Articles of Incorporation. Approval of members was not required, and these First Amended and Restated Articles of Incorporation were approved by a sufficient vote of the Board of Directors of the corporation on March 22, 2017.

The corporation's Articles of Incorporation are hereby amended and restated in their entirety to read as follows:

**Article 1.**     The name of the corporation is THE HEALING CHAIR, INC.

**Article 2.**     The corporation is a Public Benefit Corporation.

**Article 3.**     The period of duration of the corporation is perpetual.

**Article 4.**     The name of the corporation's registered agent in Missouri and the address of the corporation's registered office in Missouri shall be as follows: Missouri Business Services, Inc., 9666 Olive Boulevard, Suite 690, Saint Louis, Missouri 63132. Changes to the corporation's registered agent and registered office shall be made as provided in the corporation's Bylaws, as amended and/or restated from time to time.

**Article 5.**     The corporation may have members

**Article 6.**     The corporation is organized exclusively for charitable, educational, health, scientific and research purposes within the meaning of section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code), including, for such purposes, raising funds for breast cancer research, therapies, treatment, healing and education and engaging in activities which raise awareness of breast cancer, therapies, treatments, healing and education, and making distributions to organizations that qualify as exempt organizations under section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code).

**Article 7.**     No part of the net earnings of the corporation shall inure to the benefit of, or be distributable to, its members, trustees, directors, officers or other private persons except that the corporation shall be authorized and empowered to pay reasonable compensation for services


EXHIBIT
E

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

rendered and to make payments and distributions in furtherance of the purposes set forth in Article 6 hereof.

**Article 8.**      No substantial part of the activities of the corporation shall be carrying on of propaganda, or otherwise attempting to influence legislation, and the corporation shall not participate in, or intervene in (including the publishing or distribution of statements) any political campaign on behalf of or in opposition to any candidate for public office  Notwithstanding any other provision of these articles, the corporation shall not carry on any other activities not permitted to be carried on (a) by a corporation exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code), or (b) by a corporation contributions to which are deductible under section 170(c)(2) of the Internal Revenue Code (or the corresponding section of any future federal tax code).

**Article 9.**      Upon the dissolution of the corporation, assets shall be distributed for one or more exempt  purposes within the meaning of section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code), or to one or more organizations that shall qualify as exempt organizations under section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code), as the Board of Directors of the corporation shall determine to be appropriate.  Any such assets not so disposed of shall be disposed of by the Circuit Court of the county in which the principal office of the corporation is then located, exclusively for charitable, educational, health, scientific and research purposes within the meaning of section 501(c)(3) of the Internal Revenue Code (or the corresponding provision of any future federal tax code), or to one or more organizations which are organized and operated exclusively for such purposes, all as such Court shall determine.

**Article 10.**     The effective date of this document is the date it is filed with the Secretary of State of Missouri.

        In Affirmation thereof, the facts stated above are true and correct and these First Amended and Restated Articles of Incorporation have been executed this 12th day of May, 2017.

                        THE HEALING CHAIR, INC.

                        By: _____
                        Thomas J. Niemann, Vice President

Name and address to return filed document:

Name:  Thomas J. Niemann, Esq.

Address:  9808 Ladue Road

City, State, and Zip Code:  St. Louis, Missouri  63124

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

CERTIFICATE OF AMENDMENT AND RESTATEMENT

WHEREAS,

### THE HEALING CHAIR, INC.
### N01321153

a corporation organized under The  Missouri Nonprofit Corporation Law has delivered to me

Articles of Amendment  and Restatement of its Articles of Incorporation and has in all respects complied with the requirements of law governing the Amendment  and Restatement of Articles of Incorporation under The Missouri Nonprofit Corporation Law, and that the Articles of Incorporation of said corporation are amended and restated in accordance therewith.

IN TESTIMONY WHEREOF, I hereunto set my hand and cause to be affixed the GREAT SEAL of the State of Missouri. Done at the City of Jefferson, this 12th day of May, 2017.

*FIRST AMENDED AND RESTATED BYLAWS*
*OF*
*THE HEALING CHAIR, INC.*

## ARTICLE I - Name

The name of the corporation is The Healing Chair, Inc. (hereinafter the "Corporation").

## ARTICLE II - Incorporation

The Corporation has been organized as a not-for-profit corporation under the Missouri Nonprofit Corporation Act.

## ARTICLE III - Purpose

The Corporation is organized exclusively for charitable, educational, health, scientific and research purposes within the meaning of section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code), including, for such purposes, raising funds for breast cancer research, therapies, treatment, healing and education and engaging in activities which raise awareness of breast cancer, therapies, treatments, healing and education, and making distributions to organizations that qualify as exempt organizations under section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code).

## ARTICLE IV – Founding Member, Regular Members

**Section 4.1**     The Corporation shall have three (3) classes of members, with one class comprised of the Founding Member, one class comprised of one or more Regular Members, and one class comprised of Non-Voting Members. The Founding Member is Carol Mullenix.  The names of the Regular Members shall be as set forth on <u>Exhibit A</u> hereto, as the same may be amended or revised from time to time in accordance with these Bylaws. The names of the Non-Voting Members shall be as set forth on <u>Exhibit B</u> hereto, as the same may be amended or revised from time to time in accordance with these Bylaws. The Founding Member, the Regular Members and the Non-Voting Members are collectively referred to herein from time to time as the "Members." The Corporation shall have no other classes or series of members.

**Section 4.2**     All Members of the Corporation must be natural persons.

    (a)     A person may be admitted as a Regular Member of the Corporation only with the prior written consent of the Founding Member or, if the Founding Member is no longer a Member of the Corporation, by the affirmative vote of at least eighty percent (80%) of the Regular Members.

    (b)     The Founding Member or, if the Founding Member is no longer a Member of the Corporation, at least eighty percent (80%) of the Regular Members may remove or

First Amended and Restated Bylaws of
The Healing Chair, Inc.



EXHIBIT
G

1

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

suspend a person as a Regular Member if such person: (i) ceases to be substantively involved in the Corporation's business, whether as a Director, Officer, employee, volunteer or otherwise; (ii) engages in, facilitates or conceals any dishonest conduct or violates any law, rule, regulation or administrative order that adversely affects the Corporation's business or reputation; (iii) is convicted or pleads guilty or no contest to a felony; (iv) is convicted or pleads guilty or no contest to any crime involving moral turpitude or dishonesty (including, but not limited to, fraud or embezzlement), or financial or securities matters; (v) engages in, facilitates or conceals other misleading conduct or misconduct which may impair or impugn the reputation, goodwill or integrity of the Corporation; (vi) violates any of the terms of the Corporation's Articles of Incorporation, these Bylaws, or any other policy, rule or regulation adopted by the Corporation; or (vii) engages in any other activity or conduct or does any other thing that adversely affects the Corporation's business, its tax exempt status, or its reputation. The Secretary of the Corporation shall give the Regular Member to be removed or suspended at least fifteen (15) days' prior written notice of removal or suspension and the reasons therefor, and an opportunity for the Regular Member to be heard, orally or in writing, not less than five (5) days before the effective date of removal or suspension. Such notice may be given by personal delivery, first class mail or certified mail sent to the last known address of the Regular Member as shown in the Corporation's records.

(c)     A Non-Voting Member may be removed or suspended by the Founding Member or, if the Founding Member is no longer a Member of the Corporation, at least sixty-six percent (66%) of the Regular Members, with or without cause, effective upon written notice to such Non-Voting Member.

**Section 4.3**     A Member may resign at any time upon notice to the President and the Secretary of the Corporation. A Member shall cease to be a Member of the Corporation immediately upon her death or permanent incompetence or incapacity.

**Section 4.4**     No Member may voluntarily or involuntarily (whether by judicial decree, operation of law or otherwise), directly or indirectly, assign, sell, exchange or transfer her interest as a Member of the Corporation, in whole or in part, or pledge, hypothecate, mortgage or subject her interest or any part of it to any encumbrance, or otherwise dispose of it.

**Section 4.5**     An annual meeting of the Members shall be held prior to April 30 of each calendar year for the purpose of electing Directors, hearing reports from the President and Treasurer concerning the activities and financial condition of the Corporation, and transacting such other business as may properly come before the meeting. The annual meeting of the Members shall be held on such date and time as may be fixed by the Founding Member or, if the Founding Member is no longer a Member of the Corporation, by the Board of Directors. Regular meetings of the Members may be called from time to time for any proper purpose by the President, the Board of Directors or the Founding Member. Special meetings of the Members may be called for any proper purpose or purposes and on dates and at times determined by the President, the Board of Directors,

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

the Founding Member, or by the Secretary at the written request of at least sixty-six percent (66%) of the Regular Members. All meetings of the Members shall be held in St. Louis County, Missouri at a place designated in the meeting notice or at such other place within or without the State of Missouri as the Founding Member may designate. If there is a failure to designate a place for any such meetings of the Members, the same shall be held at the principal place of business of the Corporation in St. Louis County, Missouri.

**Section 4.6**     The presence of the Founding Member (if she is then a Member of the Corporation) and a majority of the Regular Members entitled to vote at any meeting of the Corporation's Members, represented in person or by proxy at such meeting, constitutes a quorum of Members of the Corporation. Less than a quorum has the right successively to adjourn the meeting to a specified date not longer than thirty (30) days after such adjournment. Notice of such adjournment must be delivered or given to the Members of the Corporation not present at the meeting.

**Section 4.7**     Written or printed notice of each meeting of the Members stating the place, date and time of the meeting shall be delivered or given to all Members not less than ten (10) nor more than thirty (30) days before the date of the meeting, either personally or by mail. A notice of an annual or regular meeting of the Members must include a description of any matter or matters which must be approved by the Members under Sections 355.416, 355.476, 355.561, 355.596, 355.631, 355.656, 355.666 or 355.671 of the Missouri Nonprofit Corporation Act. A notice of a special meeting of the Members must include a description of the matter or matters for which the meeting is called. Notices of the meetings of the Members, called in accordance with these Bylaws, shall be delivered or given by the Secretary of the Corporation to each Member of record. Any notice of a meeting of the Members sent by mail shall be deemed delivered when deposited in the United States mail, with postage thereon prepaid, addressed to each Member at her address as it appears on the records of the Corporation. Attendance of a Member at any meeting constitutes a waiver of notice of such meeting except where a Member attends a meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened.

**Section 4.8**     Any Member notice required by these Bylaws may be waived by the person entitled thereto by signing a waiver of notice before or after the time of such meeting and such waiver is equivalent to the giving of such notice.

**Section 4.9**     The Board of Directors of the Corporation shall have the power to close the transfer books of the Corporation for a period not exceeding thirty (30) days preceding the date of any meeting of the Members. However, in lieu of closing the transfer books, the Board of Directors may fix in advance a date, not exceeding thirty (30) days preceding the date of any Member meeting, as a record date for the determination of the Members entitled to notice of, and (as applicable) to vote at, any such meeting and any adjournment thereof. In any such case, only such Members as are Members of the Corporation of record on the date of closing the transfer books or on the record date so fixed, shall be entitled to notice of, and (as applicable) to vote at, such meeting and any adjournment thereof. If the Board of Directors does not close the transfer books or set a record date for the determination of the Members entitled to notice of, and to vote at, a meeting of the Members, only the Members who are Members of record at the close of business on the tenth

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

(10th) day preceding the date of the meeting shall be entitled to notice of, and (as applicable) to vote at, the meeting and any adjournment of the meeting.

**Section 4.10**   A complete list of all Members entitled to vote at any annual, regular or special meeting of the Members shall be compiled at least ten (10) days before such meeting by the Corporation's Secretary.  Such list shall be compiled according to Member class.  The list shall be kept on file in the Corporation's principal place of business for a period of at least ten (10) days prior to such meeting and shall be open to inspection by any Member for such period during usual business hours.  Such list shall also be present and kept open at the time and place of such meeting and shall be subject to the inspection of any Member during such meeting.  The Member record book kept at the Corporation's principal office in St. Louis County, Missouri, is prima facie evidence as to who are the Members of the Corporation entitled to examine such list, or to vote at any meeting of the Members.  Failure to comply with the requirements of this Section 4.10 shall not affect the validity of any action taken at such meeting.

**Section 4.11**   The Founding Member and any Regular Member entitled to vote at a meeting of the Members may vote either in person or by proxy executed in writing by the Founding Member or the Regular Member, as the case may be, or her duly authorized attorney in fact.  Such proxy must be filed with the Secretary of the Corporation before or at the time of the meeting.  No proxy is valid after eleven (11) months from the date of execution unless otherwise provided in the proxy.

**Section 4.12**   The Founding Member and each Regular Member shall be entitled to one (1) vote upon each matter properly submitted to a vote at any meeting of the Members of the Corporation. Except as otherwise provided by law, the Corporation's Articles or these Bylaws, every decision of the Founding Member (if she is then a Member of the Corporation) <u>and</u> a majority of the Regular Members, voting as separate classes, at a meeting at which a quorum is present shall be valid as the act of the Members of the Corporation.  If the Founding Member is not then a Member of the Corporation, every decision of a majority of the Regular Members at a meeting at which a quorum is present shall be valid as the act of the Members of the Corporation, except as otherwise provided by law, the Corporation's Articles or these Bylaws.  The Non-Voting Members shall have the right to attend meetings of the Corporation's Members but shall have no right to vote on any matter at such meetings or otherwise.

**Section 4.13**   Any action required to be taken at a meeting of the Members of the Corporation, or any action which may be taken at a meeting of the Members, may be approved without a meeting if the action is approved in a written consent signed by the Founding Member (if she is then a Member of the Corporation) <u>and</u> at least eighty percent (80%) of the Regular Members entitled to vote thereon.  Such consents shall have the same force and effect as a vote of the Members at a meeting duly held, and may be stated as such in any certificate or document filed with the Secretary of State of the State of Missouri or any other state in the United States of America. The Corporation's Secretary shall file each such consent with the minutes of the meetings of the Members of the Corporation and shall deliver or give written notice of such action by consent to all Regular Members who did not sign the consent. Member approval pursuant to this Section 4.13 shall be effective ten (10) days after such written notice is delivered or given.

First Amended and Restated Bylaws of
The Healing Chair, Inc.

4

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

**Section 4.14**   Any action which may be taken at any annual, regular or special meeting of the Members may also be taken without a meeting if the Secretary of the Corporation delivers a written ballot to the Founding Member and every Regular Member entitled to vote on the matter.  The written ballot shall set forth each proposed action and shall provide an opportunity to vote for or against each proposed action.  Approval by written ballot pursuant to this Section 4.14 shall be valid only when the votes cast by ballot equals or exceeds the quorum required to be present at a meeting authorizing the action and the number of affirmative votes equals or exceeds the number of votes that would be required by the Founding Member and the Regular Members, voting as separate classes, to approve the matter at a meeting at which the total number of votes cast was the same as the number of votes cast by ballot.  All solicitations for votes by written ballot shall comply with Section 355.266.4 of the Missouri Nonprofit Corporation Act.

**Section 4.15**   The President of the Corporation shall preside at all meetings of the Members, or, in her absence, the Secretary of the Corporation shall preside.  If neither the President nor the Secretary is available, a Member designed by the President shall preside.

**Section 4.16**   Members may participate in meetings of the Members of the Corporation by means of a conference telephone, internet or web conferencing, or similar communications equipment whereby all persons participating in the meeting can hear each other.  Participation in a meeting in this manner constitutes presence in person at the meeting.

## ARTICLE V – Board of Directors

**Section 5.1**   The business, property and affairs of the Corporation shall be controlled and managed by its Board of Directors.  Notwithstanding the foregoing or anything else in these Bylaws or applicable law to the contrary, neither the Corporation nor the Board of Directors may, without the prior written consent of the Founding Member (if she is then a Member of the Corporation) and a majority of the Regular Members, take any of the following actions:

    (a)    Approve a merger or consolidation of the Corporation;

    (b)    Sell, convey, assign, transfer, exchange, or otherwise dispose of all or substantially all of the assets of the Corporation (provided that this Section 5.1(b) does not apply to the grant of a security interest by mortgage, deed of trust, pledge or other encumbrance in the ordinary course of the Corporation's business nor does it apply to any transfer of assets to any wholly-owned subsidiary of the Corporation);

    (c)    Dispose of the goodwill of the Corporation; or

    (d)    Dissolve or wind up the Corporation.

**Section 5.2**   The number of Directors of the Corporation shall not be less than three (3) nor more than five (5).  At the annual meeting of the Members, the Founding Member (if she is then a

First Amended and Restated Bylaws of
The Healing Chair, Inc.

5

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

Member of the Corporation) shall be entitled to elect three (3) Directors and the Regular Members shall be entitled to elect the other Directors, if any, by majority vote of the Regular Members. Each Director shall hold office until the next annual meeting of Members or until his or her successor has been elected and qualified.  Any vacancy on the Board of Directors shall be filled at the next annual meeting of the Members.

**Section 5.3**     A majority of the Board of Directors of the Corporation constitutes a quorum for the transaction of business at a meeting of the Board of Directors. and the act of the majority of such quorum present at any such meeting shall be the act of the Board of Directors except as otherwise herein expressly provided.

**Section 5.4**     The annual meeting of the Board of Directors shall be held each calendar year immediately after the annual meeting of the Members for the purpose of appointing Officers of the Corporation and the transaction of such other business as may properly come before the Board of Directors. Regular and special meetings of the Board of Directors may be called from time to time by the Corporation's President, the Board of Directors or the Founding Member.  All regular and special meetings of the Board of Directors shall be held in St. Louis County, Missouri at a place designated in the meeting notice, or at such other place within or without the State of Missouri as the Board of Directors may determine.  If there is a failure to designate a place for such meetings, the same shall be held at the principal place of business of the Corporation in St. Louis County, Missouri.

**Section 5.5**     Notice of any regular meeting of the Board of Directors shall be given at least ten (10) days prior thereto in writing delivered personally or mailed to each Director.  Notice of any special meeting of the Board of Directors shall be given at least two (2) days prior thereto in writing delivered personally or mailed to each Director and must include a description of the matter or matters for which the meeting is called.  Notice given by mail is deemed to be delivered when deposited in the United States mail, with postage thereon prepaid, addressed to each Director at her address as it appears on the records of the Corporation.  Notice to a Director may be waived by executing a written waiver thereof or by attendance at any meeting except where a Director attends a meeting for the express purpose of objecting to the transaction of any business because the meeting was not lawfully called or convened.  Notice or waiver of notice of any regular or special meeting of the Board of Directors may but need not state the business to be transacted nor the purpose thereof, except as otherwise required by these Bylaws.

**Section 5.6**     Directors shall not receive any compensation for service as Directors of the Corporation.

**Section 5.7**     In accordance with Section 355.381 of the Missouri Nonprofit Corporation Act, if all the Directors severally or collectively consent in writing to any action taken or to be taken by the Directors, such consents shall have the same force and effect as a unanimous vote of the Directors at a meeting duly called and held.  The Secretary of the Corporation shall file such consents with the minutes of the meetings of the Board of Directors.  Formal meetings of the Directors need not be held where the action of all the Directors are consented to in writing.

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

**Section 5.8**     A Director may resign at any time for any reason.  Any such resignation must be in writing and must be delivered to the President and the Secretary of the Corporation.  A resignation is effective upon such delivery.  Any Director elected by the Founding Member may be removed with or without cause only by the Founding Member. Any Director elected by the Regular Members may be removed with or without cause by a majority of the Regular Members. Any Director, if he or she is to be removed for cause, must be made fully aware of the allegations against him or her and given an opportunity to defend his or her actions if he or she so chooses.  The removal procedure shall be conducted at a special meeting of the Members called for such purpose.

**Section 5.9**     The President of the Corporation shall preside at all meetings of the Board of Directors, or, in her absence, the Secretary of the Corporation shall preside.  If neither the President nor the Secretary is available, a Director designed by the President shall preside.

**Section 5.10**   Directors may participate in meetings of the Board of Directors by means of a conference telephone, internet or web conferencing, or similar communications equipment whereby all persons participating in the meeting can hear each other.  Participation in a meeting in this manner constitutes presence in person at the meeting.

## ARTICLE VI – Committees; Advisory Directors

**Section 6.1**     An executive committee of two (2) or more Directors may be created by a majority vote of the entire Board of Directors to serve at the pleasure of the Board, and one of such Directors shall be designated to act as Chairman thereof.  The Board of Directors, by majority vote of the entire Board of Directors, shall fill the vacancies on the committee.  Between meetings of the Board of Directors, the executive committee, if it is created, possesses and may exercise any and all powers of the Board of Directors in the management of the business and affairs of the Corporation to the extent authorized by resolution adopted by a majority vote of the entire Board of Directors. The executive committee shall keep a complete record of its activities and regularly report them to the Board of Directors at every meeting thereof.  All actions taken by the executive committee are subject to revision, alteration or change by the Board of Directors, provided that rights of third persons may not be affected thereby.

**Section 6.2**     A majority of the executive committee constitutes a quorum for the transaction of business.  The executive committee may determine the time and place for its meetings, the notice necessary therefor and its rules of procedure.

**Section 6.3**     The Board of Directors, by resolution, may provide for such other committees as it deems necessary or desirable to serve at its pleasure and to have such powers and perform such functions as may be assigned to them.

**Section 6.4**     The Board of Directors may from time to time appoint individuals to serve as non-voting advisors to the Board of Directors. These "Advisory Directors" shall serve at the pleasure of the Board of Directors and may be removed or replaced from time to time or at any time by majority vote of the entire Board of Directors. Advisory Directors shall receive notice of all annual,

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

regular and special meetings of the Board of Directors and may attend such meetings for the limited purpose of providing advice to the Board of Directors. Notwithstanding the foregoing, or anything else herein to the contrary, no Advisory Director shall be considered a Director for purposes of these Bylaws and, without limiting the generality of the foregoing, no Advisory shall be entitled to vote on any matter brought before the Board of Directors.

## ARTICLE VII - Officers

**Section 7.1**    The Officers of the Corporation shall be the President, a Treasurer and a Secretary, and, if so elected by the Board of Directors, one or more vice presidents, assistant secretaries and assistant treasurers.

**Section 7.2**    The President, Treasurer and Secretary shall be appointed at the annual meeting of the Board of Directors, and shall hold office at the pleasure of the Board of Directors until their successors are elected or until they die, resign or are removed as provided herein. Other Officers may be elected by the Board of Directors at any meeting thereof to hold office at the pleasure of the Board of Directors. If more than one vice president should be elected, the Board of Directors at the time of the election shall determine the seniority, if any, of each of the vice presidents.

**Section 7.3**    The President of the Corporation can be removed by majority vote of the entire Board of Directors, at a meeting at which a quorum is present, if she:

    (a)    engages in, facilitates or conceals any dishonest conduct or violates any law, rule, regulation or administrative order that adversely affects the Corporation's business or reputation;

    (b)    is convicted or pleads guilty or no contest to a felony;

    (c)    is convicted or pleads guilty or no contest to any crime involving moral turpitude or dishonesty (including, but not limited to, fraud or embezzlement), or financial or securities matters;

    (d)    engages in, facilitates or conceals other misleading conduct or misconduct which may impair or impugn the reputation, goodwill or integrity of the Corporation;

    (e)    violates any of the terms of the Corporation's Articles of Incorporation, these Bylaws, or any other policy, rule or regulation adopted by the Corporation; or

    (f)    engages in any other activity or conduct or does any other thing that adversely affects the Corporation's business, its tax exempt status, or its reputation.

Any other Officer of the Corporation elected by the Board of Directors may be removed with or without cause at any time by a majority vote of the entire Board of Directors present at a meeting at which a quorum is present.

First Amended and Restated Bylaws of                                                          8
The Healing Chair, Inc.

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

**Section 7.4**     Officers of the Corporation may receive compensation for their service as Officers of the Corporation as determined to be appropriate from time to time by the Board of Directors.

**Section 7.5.**     An Officer of the Corporation may resign at any time for any reason.  Any such resignation must be in writing and be delivered to the President and the Secretary of the Corporation.  A resignation is effective upon such delivery.

## ARTICLE VIII – Duties of Officers

**Section 8.1**     The President shall supervise and control the business, property and affairs of the Corporation, and shall preside at all meetings of the Members and at all meetings of the Board of Directors.  The President shall perform all duties incident to her office, including, but not limited to, establishing satellite offices inside or outside the State of Missouri, authorizing all expenditures of Corporation funds, and executing all contracts or other instruments, except where the execution thereof is expressly delegated by the Board of Directors, the President or the Corporation's Articles or these Bylaws to another officer or agent of the Corporation, or is required by law to be otherwise executed.

**Section 8.2**     The Secretary shall attend all meetings of the Members and the Board of Directors and shall record votes and keep minutes of such meetings in one or more books provided for that purpose.  In addition, in the absence of the President, the Secretary shall perform the duties and exercise the powers of the President.  The Secretary will give all notices in the manner required by these Bylaws or by law and will be the custodian of the corporate records.  The Secretary will, in general, perform all duties incident to the office of secretary and perform such other duties as may be required by the Board of Directors or the President, under whose supervision he serves.  If the Secretary is absent from any meeting, the President may select any Member or Director, as the case may be, to act as temporary secretary.

**Section 8.3**     The Treasurer shall keep and maintain in books and records of the Corporation accurate accounts of receipts and disbursements of the Corporation.  The Treasurer will report to the Members at the annual meeting of the Members and to the Board of Directors at its annual meeting and at all regular meetings of the Board of Directors, concerning the financial condition of the Corporation. In general, the Treasurer will perform all duties incident to the office of treasurer

**Section 8.4**     The Board of Directors may elect such subordinate officers as it deems necessary or desirable to serve for such period and have such authority and perform such duties not inconsistent with these Bylaws as the Board of Directors may authorize from time to time.

## ARTICLE IX – Conflicts of Interest

**Section 9.1**     The purpose of the conflict of interest policy set out in this Article IX is to protect this tax-exempt Corporation's interest when it is contemplating entering into a transaction or arrangement that might benefit the private interest of an Officer or Director of the Corporation or might result in a possible excess benefit transaction. This policy is intended to supplement but

First Amended and Restated Bylaws of
The Healing Chair, Inc.

9

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

not replace any applicable state and federal laws governing conflict of interest applicable to nonprofit and charitable organizations.

**Section 9.2**    The following definitions shall apply in this Article IX.

    (a)    "Interested Person" means any director, officer, or member of a committee with Board delegated powers, who has a direct or indirect financial interest, as defined below.

    (b)    A person has a "financial Interest" if the person has, directly or indirectly, through business, investment, or family (i) an ownership or investment interest in any entity with which the Corporation has a transaction or arrangement, (ii) a compensation arrangement with the Corporation or with any entity or individual with which the Corporation has a transaction or arrangement, or (iii) a potential ownership or investment interest in, or compensation arrangement with, any entity or individual with which the Corporation is negotiating a transaction or arrangement. Compensation includes direct and indirect remuneration as well as gifts or favors that are not insubstantial. A financial interest is not necessarily a conflict of interest. A person who has a financial interest may have a conflict of interest only if the appropriate Board or committee decides that a conflict of interest exists.

**Section 9.3**    The following procedures apply in respect of the policies set forth in this Article IX.

    (a)    *Duty to Disclose.*  In connection with any actual or possible conflict of interest, an interested person must disclose the existence of the financial interest and be given the opportunity to disclose all material facts to the Directors and members of committees with Board delegated powers considering the proposed transaction or arrangement.

    (b)    *Determining Whether a Conflict of Interest Exists.*  After disclosure of the financial interest and all material facts, and after any discussion with the interested person, he/she shall leave the Board or committee meeting while the determination of a conflict of interest is discussed and voted upon. The remaining Board or committee members shall decide if a conflict of interest exists.

    (c)    *Procedures for Addressing the Conflict of Interest.*  An interested person may make a presentation at the governing board or committee meeting, but after the presentation, he/she shall leave the meeting during the discussion of, and the vote on, the transaction or arrangement involving the possible conflict of interest. The chairperson of the Board or President of the Corporation or chairperson of the committee shall, if appropriate, appoint a disinterested person or committee to investigate alternatives to the proposed transaction or arrangement.  After

First Amended and Restated Bylaws of                                                                                   10
The Healing Chair, Inc.

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

exercising due diligence, the Board or committee shall determine whether the Corporation can obtain with reasonable efforts a more advantageous transaction or arrangement from a person or entity that would not give rise to a conflict of interest. If a more advantageous transaction or arrangement is not reasonably possible under circumstances not producing a conflict of interest, the Board or committee shall determine by a majority vote of the disinterested Directors whether the transaction or arrangement is in the Corporation's best interest, for its own benefit, and whether it is fair and reasonable. In conformity with the above determination it shall make its decision as to whether to enter into the transaction or arrangement.

**Section 9.4**   The minutes of the Board and all committees with Board delegated power shall contain: (a) the names of the persons who disclosed or otherwise were found to have a financial interest in connection with an actual or possible conflict of interest, the nature of the financial interest, any action taken to determine whether a conflict of interest was present, and the Board's or committee's decision as to whether a conflict of interest in fact existed; and (b) the names of the persons who were present for discussions and votes relating to the transaction or arrangement, the content of the discussion, including any alternatives to the proposed transaction or arrangement, and a record of any votes taken in connection with the proceedings.

**Section 9.5**   A voting member of the Board who receives compensation, directly or indirectly, from the Corporation for services is precluded from voting on matters pertaining to that member's compensation.   A voting member of any committee whose jurisdiction includes compensation matters and who receives compensation, directly or indirectly, from the Corporation for services is precluded from voting on matters pertaining to that member's compensation. No voting member of the Board or any committee whose jurisdiction includes compensation matters and who receives compensation, directly or indirectly, from the Corporation, either individually or collectively, is prohibited from providing information to any committee regarding compensation.

**Section 9.6**   Each Director, Officer and member of a committee with Board delegated powers shall annually sign a statement which affirms such person: (a) has received a copy of the conflicts of interest policy, (b) has read and understands the policy, (c) has agreed to comply with the policy, and (d) understands the Corporation is charitable and in order to maintain its federal tax exemption it must engage primarily in activities which accomplish one or more of its tax-exempt purposes.

**Section 9.7**   To ensure the Corporation operates in a manner consistent with charitable purposes and does not engage in activities that could jeopardize its tax-exempt status, periodic reviews shall be conducted. The periodic reviews shall, at a minimum, include the following subjects: (a) Whether compensation arrangements and benefits are reasonable, based on competent survey information, and the result of arm's length bargaining; (b) Whether partnerships, joint ventures, and arrangements with management organizations conform to the Corporation's written policies, are properly recorded, reflect reasonable investment or payments

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

for goods and services, further charitable or scientific purposes and do not result in inurement, impermissible private benefit or in an excess benefit transaction.

**Section 9.8**   When conducting the periodic reviews as provided for in this Article IX, the Corporation may, but need not, use outside advisors.  If outside experts are used, their use shall not relieve the Board of its responsibility for ensuring periodic reviews are conducted.

### **ARTICLE X – Amendments**

Notwithstanding anything else herein or in any applicable law to the contrary, these Bylaws may be amended, restated or repealed and new Bylaws may be adopted by a vote of the Founding Member (if she is then a Member of the Corporation) and at least eighty percent (80%) of the Regular Members at an annual, regular or special meeting of the Members at which a quorum is present.

\* \* \* \*

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

## UNANIMOUS WRITTEN CONSENT OF THE
## DIRECTORS OF
## THE HEALING CHAIR, INC.

Pursuant to the Missouri Nonprofit Corporation Act and as permitted under the Bylaws of **The Healing Chair, Inc.**, a Missouri nonprofit corporation (the "Corporation"), the undersigned, being all of the Directors of the Corporation, do hereby adopt the following resolutions for the Corporation and consent to the taking of the actions therein described, such consent to have the same force and effect as unanimous votes of the Directors of the Corporation at a meeting duly called and held:

> **RESOLVED**, that the First Amended and Restated Articles of Incorporation attached hereto as <u>Exhibit A</u> be and are hereby in all respects approved, ratified and confirmed.

> **FURTHER RESOLVED**, that Carol Mullenix, as the President of the Corporation, be and is hereby authorized and directed to execute such First Amended and Restated Articles of Incorporation on behalf of the Corporation and to file the same with the Missouri Secretary of State.

> **FURTHER RESOLVED**, that the First Amended and Restated Bylaws attached hereto as Exhibit  B be and are hereby in all respects approved, ratified and confirmed, and shall become the Bylaws of the Corporation effective upon the filing of the First Amended and Restated Articles of Incorporation with the Missouri Secretary of State.

> **FURTHER RESOLVED**, that the appropriate officers of the Corporation be and are hereby authorized and directed to do all things and acts as may be necessary or desirable in order to carry out the purpose and intent of the foregoing resolutions, and that all of the acts and doings, whether heretofore or hereafter done or performed, by any of them in furtherance of the above resolutions are hereby in all respects adopted, approved, ratified and confirmed.

*[Signature Page Follows]*

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

Dated as of March 22, 2017.

Carol A. Mullenix, Director

Gregory S. Mullenix, Director

Thomas J. Niemann, Director

Being All of the Directors of the Corporation

2

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

# EXHIBIT A

First Amended and Restated Articles of Incorporation

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

**FIRST AMENDED AND RESTATED**
**ARTICLES OF INCORPORATION OF**
**THE HEALING CHAIR, INC.**

SECRETARY OF STATE
STATE OF MISSOURI
CORPORATIONS DIVISION
P.O. BOX 778
JEFFERSON CITY, MISSOURI 65102

The undersigned Missouri nonprofit corporation, for the purpose of amending and restating its Articles of Incorporation, hereby executes these First Amended and Restated Articles of Incorporation.  Approval of members was not required, and these First Amended and Restated Articles of Incorporation were approved by a sufficient vote of the Board of Directors of the corporation on March 22, 2017.

The corporation's Articles of Incorporation are hereby amended and restated in their entirety to read as follows:

**Article 1.**     The name of the corporation is THE HEALING CHAIR, INC.

**Article 2.**     The corporation is a Public Benefit Corporation.

**Article 3.**     The period of duration of the corporation is perpetual.

**Article 4.**     The name of the corporation's registered agent in Missouri and the address of the corporation's registered office in Missouri shall be as follows: Missouri Business Services, Inc., 9666 Olive Boulevard, Suite 690, Saint Louis, Missouri 63132.  Changes to the corporation's registered agent and registered office shall be made as provided in the corporation's Bylaws, as amended and/or restated from time to time.

**Article 5.**     The corporation may have members

**Article 6.**     The corporation is organized exclusively for charitable, educational, health, scientific and research purposes within the meaning of section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code), including, for such purposes, raising funds for breast cancer research, therapies, treatment, healing and education and engaging in activities which raise awareness of breast cancer, therapies, treatments, healing and education, and making distributions to organizations that qualify as exempt organizations under section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code).

**Article 7.**     No part of the net earnings of the corporation shall inure to the benefit of, or be distributable to, its members, trustees, directors, officers or other private persons except that the corporation shall be authorized and empowered to pay reasonable compensation for services

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

rendered and to make payments and distributions in furtherance of the purposes set forth in Article 6 hereof.

**Article 8.**   No substantial part of the activities of the corporation shall be carrying on of propaganda, or otherwise attempting to influence legislation, and the corporation shall not participate in, or intervene in (including the publishing or distribution of statements) any political campaign on behalf of or in opposition to any candidate for public office  Notwithstanding any other provision of these articles, the corporation shall not carry on any other activities not permitted to be carried on (a) by a corporation exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code), or (b) by a corporation contributions to which are deductible under section 170(c)(2) of the Internal Revenue Code (or the corresponding section of any future federal tax code).

**Article 9.**   Upon the dissolution of the corporation, assets shall be distributed for one or more exempt  purposes within the meaning of section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code), or to one or more organizations that shall qualify as exempt organizations under section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code), as the Board of Directors of the corporation shall determine to be appropriate.  Any such assets not so disposed of shall be disposed of by the Circuit Court of the county in which the principal office of the corporation is then located, exclusively for charitable, educational, health, scientific and research purposes within the meaning of section 501(c)(3) of the Internal Revenue Code (or the corresponding provision of any future federal tax code), or to one or more organizations which are organized and operated exclusively for such purposes, all as such Court shall determine.

**Article 10.**   The effective date of this document is the date it is filed with the Secretary of State of Missouri.

In Affirmation thereof, the facts stated above are true and correct and these First Amended and Restated Articles of Incorporation have been executed this 12th day of May, 2017.

THE HEALING CHAIR, INC.

By:_____
Thomas J. Niemann, Vice President

Name and address to return filed document:

Name:  Thomas J. Niemann, Esq.

Address:  9808 Ladue Road

City, State, and Zip Code:  St. Louis, Missouri  63124

2

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

## EXHIBIT B

First Amended and Restated Bylaws

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

### FIRST AMENDED AND RESTATED BYLAWS
### OF
### THE HEALING CHAIR, INC.

### ARTICLE I - Name

The name of the corporation is The Healing Chair, Inc. (hereinafter the "Corporation").

### ARTICLE II - Incorporation

The Corporation has been organized as a not-for-profit corporation under the Missouri Nonprofit Corporation Act.

### ARTICLE III - Purpose

The Corporation is organized exclusively for charitable, educational, health, scientific and research purposes within the meaning of section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code), including, for such purposes, raising funds for breast cancer research, therapies, treatment, healing and education and engaging in activities which raise awareness of breast cancer, therapies, treatments, healing and education, and making distributions to organizations that qualify as exempt organizations under section 501(c)(3) of the Internal Revenue Code (or the corresponding section of any future federal tax code).

### ARTICLE IV – Founding Member, Regular Members

**Section 4.1**    The Corporation shall have three (3) classes of members, with one class comprised of the Founding Member, one class comprised of one or more Regular Members, and one class comprised of Non-Voting Members. The Founding Member is Carol Mullenix. The names of the Regular Members shall be as set forth on <u>Exhibit A</u> hereto, as the same may be amended or revised from time to time in accordance with these Bylaws. The names of the Non-Voting Members shall be as set forth on <u>Exhibit B</u> hereto, as the same may be amended or revised from time to time in accordance with these Bylaws. The Founding Member, the Regular Members and the Non-Voting Members are collectively referred to herein from time to time as the "Members." The Corporation shall have no other classes or series of members.

**Section 4.2**    All Members of the Corporation must be natural persons.

   (a)    A person may be admitted as a Regular Member of the Corporation only with the prior written consent of the Founding Member or, if the Founding Member is no longer a Member of the Corporation, by the affirmative vote of at least eighty percent (80%) of the Regular Members.

   (b)    The Founding Member or, if the Founding Member is no longer a Member of the Corporation, at least eighty percent (80%) of the Regular Members may remove or

suspend a person as a Regular Member if such person: (i) ceases to be substantively involved in the Corporation's business, whether as a Director, Officer, employee, volunteer or otherwise; (ii) engages in, facilitates or conceals any dishonest conduct or violates any law, rule, regulation or administrative order that adversely affects the Corporation's business or reputation; (iii) is convicted or pleads guilty or no contest to a felony; (iv) is convicted or pleads guilty or no contest to any crime involving moral turpitude or dishonesty (including, but not limited to, fraud or embezzlement), or financial or securities matters; (v) engages in, facilitates or conceals other misleading conduct or misconduct which may impair or impugn the reputation, goodwill or integrity of the Corporation; (vi) violates any of the terms of the Corporation's Articles of Incorporation, these Bylaws, or any other policy, rule or regulation adopted by the Corporation; or (vii) engages in any other activity or conduct or does any other thing that adversely affects the Corporation's business, its tax exempt status, or its reputation. The Secretary of the Corporation shall give the Regular Member to be removed or suspended at least fifteen (15) days' prior written notice of removal or suspension and the reasons therefor, and an opportunity for the Regular Member to be heard, orally or in writing, not less than five (5) days before the effective date of removal or suspension. Such notice may be given by personal delivery, first class mail or certified mail sent to the last known address of the Regular Member as shown in the Corporation's records.

(c)     A Non-Voting Member may be removed or suspended by the Founding Member or, if the Founding Member is no longer a Member of the Corporation, at least sixty-six percent (66%) of the Regular Members, with or without cause, effective upon written notice to such Non-Voting Member.

**Section 4.3**     A Member may resign at any time upon notice to the President and the Secretary of the Corporation. A Member shall cease to be a Member of the Corporation immediately upon her death or permanent incompetence or incapacity.

**Section 4.4**     No Member may voluntarily or involuntarily (whether by judicial decree, operation of law or otherwise), directly or indirectly, assign, sell, exchange or transfer her interest as a Member of the Corporation, in whole or in part, or pledge, hypothecate, mortgage or subject her interest or any part of it to any encumbrance, or otherwise dispose of it.

**Section 4.5**     An annual meeting of the Members shall be held prior to April 30 of each calendar year for the purpose of electing Directors, hearing reports from the President and Treasurer concerning the activities and financial condition of the Corporation, and transacting such other business as may properly come before the meeting. The annual meeting of the Members shall be held on such date and time as may be fixed by the Founding Member or, if the Founding Member is no longer a Member of the Corporation, by the Board of Directors. Regular meetings of the Members may be called from time to time for any proper purpose by the President, the Board of Directors or the Founding Member. Special meetings of the Members may be called for any proper purpose or purposes and on dates and at times determined by the President, the Board of Directors,

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

the Founding Member, or by the Secretary at the written request of at least sixty-six percent (66%) of the Regular Members. All meetings of the Members shall be held in St. Louis County, Missouri at a place designated in the meeting notice or at such other place within or without the State of Missouri as the Founding Member may designate. If there is a failure to designate a place for any such meetings of the Members, the same shall be held at the principal place of business of the Corporation in St. Louis County, Missouri.

**Section 4.6**     The presence of the Founding Member (if she is then a Member of the Corporation) and a majority of the Regular Members entitled to vote at any meeting of the Corporation's Members, represented in person or by proxy at such meeting, constitutes a quorum of Members of the Corporation. Less than a quorum has the right successively to adjourn the meeting to a specified date not longer than thirty (30) days after such adjournment. Notice of such adjournment must be delivered or given to the Members of the Corporation not present at the meeting.

**Section 4.7**     Written or printed notice of each meeting of the Members stating the place, date and time of the meeting shall be delivered or given to all Members not less than ten (10) nor more than thirty (30) days before the date of the meeting, either personally or by mail. A notice of an annual or regular meeting of the Members must include a description of any matter or matters which must be approved by the Members under Sections 355.416, 355.476, 355.561, 355.596, 355.631, 355.656, 355.666 or 355.671 of the Missouri Nonprofit Corporation Act. A notice of a special meeting of the Members must include a description of the matter or matters for which the meeting is called. Notices of the meetings of the Members, called in accordance with these Bylaws, shall be delivered or given by the Secretary of the Corporation to each Member of record. Any notice of a meeting of the Members sent by mail shall be deemed delivered when deposited in the United States mail, with postage thereon prepaid, addressed to each Member at her address as it appears on the records of the Corporation. Attendance of a Member at any meeting constitutes a waiver of notice of such meeting except where a Member attends a meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened.

**Section 4.8**     Any Member notice required by these Bylaws may be waived by the person entitled thereto by signing a waiver of notice before or after the time of such meeting and such waiver is equivalent to the giving of such notice.

**Section 4.9**     The Board of Directors of the Corporation shall have the power to close the transfer books of the Corporation for a period not exceeding thirty (30) days preceding the date of any meeting of the Members. However, in lieu of closing the transfer books, the Board of Directors may fix in advance a date, not exceeding thirty (30) days preceding the date of any Member meeting, as a record date for the determination of the Members entitled to notice of, and (as applicable) to vote at, any such meeting and any adjournment thereof. In any such case, only such Members as are Members of the Corporation of record on the date of closing the transfer books or on the record date so fixed, shall be entitled to notice of, and (as applicable) to vote at, such meeting and any adjournment thereof. If the Board of Directors does not close the transfer books or set a record date for the determination of the Members entitled to notice of, and to vote at, a meeting of the Members, only the Members who are Members of record at the close of business on the tenth

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

$(10^{th})$ day preceding the date of the meeting shall be entitled to notice of, and (as applicable) to vote at, the meeting and any adjournment of the meeting.

**Section 4.10**   A complete list of all Members entitled to vote at any annual, regular or special meeting of the Members shall be compiled at least ten (10) days before such meeting by the Corporation's Secretary. Such list shall be compiled according to Member class. The list shall be kept on file in the Corporation's principal place of business for a period of at least ten (10) days prior to such meeting and shall be open to inspection by any Member for such period during usual business hours. Such list shall also be present and kept open at the time and place of such meeting and shall be subject to the inspection of any Member during such meeting. The Member record book kept at the Corporation's principal office in St. Louis County, Missouri, is prima facie evidence as to who are the Members of the Corporation entitled to examine such list, or to vote at any meeting of the Members. Failure to comply with the requirements of this Section 4.10 shall not affect the validity of any action taken at such meeting.

**Section 4.11**   The Founding Member and any Regular Member entitled to vote at a meeting of the Members may vote either in person or by proxy executed in writing by the Founding Member or the Regular Member, as the case may be, or her duly authorized attorney in fact. Such proxy must be filed with the Secretary of the Corporation before or at the time of the meeting. No proxy is valid after eleven (11) months from the date of execution unless otherwise provided in the proxy.

**Section 4.12**   The Founding Member and each Regular Member shall be entitled to one (1) vote upon each matter properly submitted to a vote at any meeting of the Members of the Corporation. Except as otherwise provided by law, the Corporation's Articles or these Bylaws, every decision of the Founding Member (if she is then a Member of the Corporation) and a majority of the Regular Members, voting as separate classes, at a meeting at which a quorum is present shall be valid as the act of the Members of the Corporation. If the Founding Member is not then a Member of the Corporation, every decision of a majority of the Regular Members at a meeting at which a quorum is present shall be valid as the act of the Members of the Corporation, except as otherwise provided by law, the Corporation's Articles or these Bylaws. The Non-Voting Members shall have the right to attend meetings of the Corporation's Members but shall have no right to vote on any matter at such meetings or otherwise.

**Section 4.13**   Any action required to be taken at a meeting of the Members of the Corporation, or any action which may be taken at a meeting of the Members, may be approved without a meeting if the action is approved in a written consent signed by the Founding Member (if she is then a Member of the Corporation) and at least eighty percent (80%) of the Regular Members entitled to vote thereon. Such consents shall have the same force and effect as a vote of the Members at a meeting duly held, and may be stated as such in any certificate or document filed with the Secretary of State of the State of Missouri or any other state in the United States of America. The Corporation's Secretary shall file each such consent with the minutes of the meetings of the Members of the Corporation and shall deliver or give written notice of such action by consent to all Regular Members who did not sign the consent. Member approval pursuant to this Section 4.13 shall be effective ten (10) days after such written notice is delivered or given.

First Amended and Restated Bylaws of                                                                                      4
The Healing Chair, Inc.

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

**Section 4.14** Any action which may be taken at any annual, regular or special meeting of the Members may also be taken without a meeting if the Secretary of the Corporation delivers a written ballot to the Founding Member and every Regular Member entitled to vote on the matter. The written ballot shall set forth each proposed action and shall provide an opportunity to vote for or against each proposed action. Approval by written ballot pursuant to this Section 4.14 shall be valid only when the votes cast by ballot equals or exceeds the quorum required to be present at a meeting authorizing the action and the number of affirmative votes equals or exceeds the number of votes that would be required by the Founding Member and the Regular Members, voting as separate classes, to approve the matter at a meeting at which the total number of votes cast was the same as the number of votes cast by ballot. All solicitations for votes by written ballot shall comply with Section 355.266.4 of the Missouri Nonprofit Corporation Act.

**Section 4.15** The President of the Corporation shall preside at all meetings of the Members, or, in her absence, the Secretary of the Corporation shall preside. If neither the President nor the Secretary is available, a Member designed by the President shall preside.

**Section 4.16** Members may participate in meetings of the Members of the Corporation by means of a conference telephone, internet or web conferencing, or similar communications equipment whereby all persons participating in the meeting can hear each other. Participation in a meeting in this manner constitutes presence in person at the meeting.

## ARTICLE V – Board of Directors

**Section 5.1** The business, property and affairs of the Corporation shall be controlled and managed by its Board of Directors. Notwithstanding the foregoing or anything else in these Bylaws or applicable law to the contrary, neither the Corporation nor the Board of Directors may, without the prior written consent of the Founding Member (if she is then a Member of the Corporation) and a majority of the Regular Members, take any of the following actions:

    (a)    Approve a merger or consolidation of the Corporation;

    (b)    Sell, convey, assign, transfer, exchange, or otherwise dispose of all or substantially all of the assets of the Corporation (provided that this Section 5.1(b) does not apply to the grant of a security interest by mortgage, deed of trust, pledge or other encumbrance in the ordinary course of the Corporation's business nor does it apply to any transfer of assets to any wholly-owned subsidiary of the Corporation);

    (c)    Dispose of the goodwill of the Corporation; or

    (d)    Dissolve or wind up the Corporation.

**Section 5.2** The number of Directors of the Corporation shall not be less than three (3) nor more than five (5). At the annual meeting of the Members, the Founding Member (if she is then a

First Amended and Restated Bylaws of
The Healing Chair, Inc.

5

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

Member of the Corporation) shall be entitled to elect three (3) Directors and the Regular Members shall be entitled to elect the other Directors, if any, by majority vote of the Regular Members. Each Director shall hold office until the next annual meeting of Members or until his or her successor has been elected and qualified. Any vacancy on the Board of Directors shall be filled at the next annual meeting of the Members.

**Section 5.3**     A majority of the Board of Directors of the Corporation constitutes a quorum for the transaction of business at a meeting of the Board of Directors, and the act of the majority of such quorum present at any such meeting shall be the act of the Board of Directors except as otherwise herein expressly provided.

**Section 5.4**     The annual meeting of the Board of Directors shall be held each calendar year immediately after the annual meeting of the Members for the purpose of appointing Officers of the Corporation and the transaction of such other business as may properly come before the Board of Directors. Regular and special meetings of the Board of Directors may be called from time to time by the Corporation's President, the Board of Directors or the Founding Member. All regular and special meetings of the Board of Directors shall be held in St. Louis County, Missouri at a place designated in the meeting notice, or at such other place within or without the State of Missouri as the Board of Directors may determine. If there is a failure to designate a place for such meetings, the same shall be held at the principal place of business of the Corporation in St. Louis County, Missouri.

**Section 5.5**     Notice of any regular meeting of the Board of Directors shall be given at least ten (10) days prior thereto in writing delivered personally or mailed to each Director. Notice of any special meeting of the Board of Directors shall be given at least two (2) days prior thereto in writing delivered personally or mailed to each Director and must include a description of the matter or matters for which the meeting is called. Notice given by mail is deemed to be delivered when deposited in the United States mail, with postage thereon prepaid, addressed to each Director at her address as it appears on the records of the Corporation. Notice to a Director may be waived by executing a written waiver thereof or by attendance at any meeting except where a Director attends a meeting for the express purpose of objecting to the transaction of any business because the meeting was not lawfully called or convened. Notice or waiver of notice of any regular or special meeting of the Board of Directors may but need not state the business to be transacted nor the purpose thereof, except as otherwise required by these Bylaws.

**Section 5.6**     Directors shall not receive any compensation for service as Directors of the Corporation.

**Section 5.7**     In accordance with Section 355.381 of the Missouri Nonprofit Corporation Act, if all the Directors severally or collectively consent in writing to any action taken or to be taken by the Directors, such consents shall have the same force and effect as a unanimous vote of the Directors at a meeting duly called and held. The Secretary of the Corporation shall file such consents with the minutes of the meetings of the Board of Directors. Formal meetings of the Directors need not be held where the action of all the Directors are consented to in writing.

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

**Section 5.8**   A Director may resign at any time for any reason.  Any such resignation must be in writing and must be delivered to the President and the Secretary of the Corporation.  A resignation is effective upon such delivery.  Any Director elected by the Founding Member may be removed with or without cause only by the Founding Member.  Any Director elected by the Regular Members may be removed with or without cause by a majority of the Regular Members.  Any Director, if he or she is to be removed for cause, must be made fully aware of the allegations against him or her and given an opportunity to defend his or her actions if he or she so chooses.  The removal procedure shall be conducted at a special meeting of the Members called for such purpose.

**Section 5.9**   The President of the Corporation shall preside at all meetings of the Board of Directors, or, in her absence, the Secretary of the Corporation shall preside.  If neither the President nor the Secretary is available, a Director designed by the President shall preside.

**Section 5.10**   Directors may participate in meetings of the Board of Directors by means of a conference telephone, internet or web conferencing, or similar communications equipment whereby all persons participating in the meeting can hear each other.  Participation in a meeting in this manner constitutes presence in person at the meeting.

## ARTICLE VI – Committees; Advisory Directors

**Section 6.1**   An executive committee of two (2) or more Directors may be created by a majority vote of the entire Board of Directors to serve at the pleasure of the Board, and one of such Directors shall be designated to act as Chairman thereof.  The Board of Directors, by majority vote of the entire Board of Directors, shall fill the vacancies on the committee.  Between meetings of the Board of Directors, the executive committee, if it is created, possesses and may exercise any and all powers of the Board of Directors in the management of the business and affairs of the Corporation to the extent authorized by resolution adopted by a majority vote of the entire Board of Directors.  The executive committee shall keep a complete record of its activities and regularly report them to the Board of Directors at every meeting thereof.  All actions taken by the executive committee are subject to revision, alteration or change by the Board of Directors, provided that rights of third persons may not be affected thereby.

**Section 6.2**   A majority of the executive committee constitutes a quorum for the transaction of business.  The executive committee may determine the time and place for its meetings, the notice necessary therefor and its rules of procedure.

**Section 6.3**   The Board of Directors, by resolution, may provide for such other committees as it deems necessary or desirable to serve at its pleasure and to have such powers and perform such functions as may be assigned to them.

**Section 6.4**   The Board of Directors may from time to time appoint individuals to serve as non-voting advisors to the Board of Directors. These "Advisory Directors" shall serve at the pleasure of the Board of Directors and may be removed or replaced from time to time or at any time by majority vote of the entire Board of Directors. Advisory Directors shall receive notice of all annual,

First Amended and Restated Bylaws of
The Healing Chair, Inc.

7

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

regular and special meetings of the Board of Directors and may attend such meetings for the limited purpose of providing advice to the Board of Directors. Notwithstanding the foregoing, or anything else herein to the contrary, no Advisory Director shall be considered a Director for purposes of these Bylaws and, without limiting the generality of the foregoing, no Advisory shall be entitled to vote on any matter brought before the Board of Directors.

## ARTICLE VII - Officers

**Section 7.1**    The Officers of the Corporation shall be the President, a Treasurer and a Secretary, and, if so elected by the Board of Directors, one or more vice presidents, assistant secretaries and assistant treasurers.

**Section 7.2**    The President, Treasurer and Secretary shall be appointed at the annual meeting of the Board of Directors, and shall hold office at the pleasure of the Board of Directors until their successors are elected or until they die, resign or are removed as provided herein. Other Officers may be elected by the Board of Directors at any meeting thereof to hold office at the pleasure of the Board of Directors. If more than one vice president should be elected, the Board of Directors at the time of the election shall determine the seniority, if any, of each of the vice presidents.

**Section 7.3**    The President of the Corporation can be removed by majority vote of the entire Board of Directors, at a meeting at which a quorum is present, if she:

(a)    engages in, facilitates or conceals any dishonest conduct or violates any law, rule, regulation or administrative order that adversely affects the Corporation's business or reputation;

(b)    is convicted or pleads guilty or no contest to a felony;

(c)    is convicted or pleads guilty or no contest to any crime involving moral turpitude or dishonesty (including, but not limited to, fraud or embezzlement), or financial or securities matters;

(d)    engages in, facilitates or conceals other misleading conduct or misconduct which may impair or impugn the reputation, goodwill or integrity of the Corporation;

(e)    violates any of the terms of the Corporation's Articles of Incorporation, these Bylaws, or any other policy, rule or regulation adopted by the Corporation; or

(f)    engages in any other activity or conduct or does any other thing that adversely affects the Corporation's business, its tax exempt status, or its reputation.

Any other Officer of the Corporation elected by the Board of Directors may be removed with or without cause at any time by a majority vote of the entire Board of Directors present at a meeting at which a quorum is present.

First Amended and Restated Bylaws of
The Healing Chair, Inc.

8

**Section 7.4**      Officers of the Corporation may receive compensation for their service as Officers of the Corporation as determined to be appropriate from time to time by the Board of Directors.

**Section 7.5.**      An Officer of the Corporation may resign at any time for any reason.  Any such resignation must be in writing and be delivered to the President and the Secretary of the Corporation.  A resignation is effective upon such delivery.

## ARTICLE VIII – Duties of Officers

**Section 8.1**      The President shall supervise and control the business, property and affairs of the Corporation, and shall preside at all meetings of the Members and at all meetings of the Board of Directors.  The President shall perform all duties incident to her office, including, but not limited to, establishing satellite offices inside or outside the State of Missouri, authorizing all expenditures of Corporation funds, and executing all contracts or other instruments, except where the execution thereof is expressly delegated by the Board of Directors, the President or the Corporation's Articles or these Bylaws to another officer or agent of the Corporation, or is required by law to be otherwise executed.

**Section 8.2**      The Secretary shall attend all meetings of the Members and the Board of Directors and shall record votes and keep minutes of such meetings in one or more books provided for that purpose.  In addition, in the absence of the President, the Secretary shall perform the duties and exercise the powers of the President.  The Secretary will give all notices in the manner required by these Bylaws or by law and will be the custodian of the corporate records.  The Secretary will, in general, perform all duties incident to the office of secretary and perform such other duties as may be required by the Board of Directors or the President, under whose supervision he serves.  If the Secretary is absent from any meeting, the President may select any Member or Director, as the case may be, to act as temporary secretary.

**Section 8.3**      The Treasurer shall keep and maintain in books and records of the Corporation accurate accounts of receipts and disbursements of the Corporation.  The Treasurer will report to the Members at the annual meeting of the Members and to the Board of Directors at its annual meeting and at all regular meetings of the Board of Directors, concerning the financial condition of the Corporation. In general, the Treasurer will perform all duties incident to the office of treasurer

**Section 8.4**      The Board of Directors may elect such subordinate officers as it deems necessary or desirable to serve for such period and have such authority and perform such duties not inconsistent with these Bylaws as the Board of Directors may authorize from time to time.

## ARTICLE IX – Conflicts of Interest

**Section 9.1**      The purpose of the conflict of interest policy set out in this Article IX is to protect this tax-exempt Corporation's interest when it is contemplating entering into a transaction or arrangement that might benefit the private interest of an Officer or Director of the Corporation or might result in a possible excess benefit transaction. This policy is intended to supplement but

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

not replace any applicable state and federal laws governing conflict of interest applicable to nonprofit and charitable organizations.

**Section 9.2**    The following definitions shall apply in this Article IX.

(a)    "Interested Person" means any director, officer, or member of a committee with Board delegated powers, who has a direct or indirect financial interest, as defined below.

(b)    A person has a "financial Interest" if the person has, directly or indirectly, through business, investment, or family (i) an ownership or investment interest in any entity with which the Corporation has a transaction or arrangement, (ii) a compensation arrangement with the Corporation or with any entity or individual with which the Corporation has a transaction or arrangement, or (iii) a potential ownership or investment interest in, or compensation arrangement with, any entity or individual with which the Corporation is negotiating a transaction or arrangement.  Compensation includes direct and indirect remuneration as well as gifts or favors that are not insubstantial. A financial interest is not necessarily a conflict of interest. A person who has a financial interest may have a conflict of interest only if the appropriate Board or committee decides that a conflict of interest exists.

**Section 9.3**    The following procedures apply in respect of the policies set forth in this Article IX.

(a)    *Duty to Disclose*.  In connection with any actual or possible conflict of interest, an interested person must disclose the existence of the financial interest and be given the opportunity to disclose all material facts to the Directors and members of committees with Board delegated powers considering the proposed transaction or arrangement.

(b)    *Determining Whether a Conflict of Interest Exists*.  After disclosure of the financial interest and all material facts, and after any discussion with the interested person, he/she shall leave the Board or committee meeting while the determination of a conflict of interest is discussed and voted upon. The remaining Board or committee members shall decide if a conflict of interest exists.

(c)    *Procedures for Addressing the Conflict of Interest*.  An interested person may make a presentation at the governing board or committee meeting, but after the presentation, he/she shall leave the meeting during the discussion of, and the vote on, the transaction or arrangement involving the possible conflict of interest. The chairperson of the Board or President of the Corporation or chairperson of the committee shall, if appropriate, appoint a disinterested person or committee to investigate alternatives to the proposed transaction or arrangement.  After

exercising due diligence, the Board or committee shall determine whether the Corporation can obtain with reasonable efforts a more advantageous transaction or arrangement from a person or entity that would not give rise to a conflict of interest. If a more advantageous transaction or arrangement is not reasonably possible under circumstances not producing a conflict of interest, the Board or committee shall determine by a majority vote of the disinterested Directors whether the transaction or arrangement is in the Corporation's best interest, for its own benefit, and whether it is fair and reasonable. In conformity with the above determination it shall make its decision as to whether to enter into the transaction or arrangement.

**Section 9.4**    The minutes of the Board and all committees with Board delegated power shall contain: (a) the names of the persons who disclosed or otherwise were found to have a financial interest in connection with an actual or possible conflict of interest, the nature of the financial interest, any action taken to determine whether a conflict of interest was present, and the Board's or committee's decision as to whether a conflict of interest in fact existed; and (b) the names of the persons who were present for discussions and votes relating to the transaction or arrangement, the content of the discussion, including any alternatives to the proposed transaction or arrangement, and a record of any votes taken in connection with the proceedings.

**Section 9.5**    A voting member of the Board who receives compensation, directly or indirectly, from the Corporation for services is precluded from voting on matters pertaining to that member's compensation.   A voting member of any committee whose jurisdiction includes compensation matters and who receives compensation, directly or indirectly, from the Corporation for services is precluded from voting on matters pertaining to that member's compensation. No voting member of the Board or any committee whose jurisdiction includes compensation matters and who receives compensation, directly or indirectly, from the Corporation, either individually or collectively, is prohibited from providing information to any committee regarding compensation.

**Section 9.6**    Each Director, Officer and member of a committee with Board delegated powers shall annually sign a statement which affirms such person: (a) has received a copy of the conflicts of interest policy, (b) has read and understands the policy, (c) has agreed to comply with the policy, and (d) understands the Corporation is charitable and in order to maintain its federal tax exemption it must engage primarily in activities which accomplish one or more of its tax-exempt purposes.

**Section 9.7**    To ensure the Corporation operates in a manner consistent with charitable purposes and does not engage in activities that could jeopardize its tax-exempt status, periodic reviews shall be conducted. The periodic reviews shall, at a minimum, include the following subjects: (a) Whether compensation arrangements and benefits are reasonable, based on competent survey information, and the result of arm's length bargaining; (b) Whether partnerships, joint ventures, and arrangements with management organizations conform to the Corporation's written policies, are properly recorded, reflect reasonable investment or payments

First Amended and Restated Bylaws of
The Healing Chair, Inc.

11

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

for goods and services, further charitable or scientific purposes and do not result in inurement, impermissible private benefit or in an excess benefit transaction.

**Section 9.8**    When conducting the periodic reviews as provided for in this Article IX, the Corporation may, but need not, use outside advisors.  If outside experts are used, their use shall not relieve the Board of its responsibility for ensuring periodic reviews are conducted.

## ARTICLE X – Amendments

Notwithstanding anything else herein or in any applicable law to the contrary, these Bylaws may be amended, restated or repealed and new Bylaws may be adopted by a vote of the Founding Member (if she is then a Member of the Corporation) <u>and</u> at least eighty percent (80%) of the Regular Members at an annual, regular or special meeting of the Members at which a quorum is present.

* * * *

First Amended and Restated Bylaws of
The Healing Chair, Inc.

12

22SL-CC01008

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

## BYLAWS OF
## THE HEALING CHAIR, INC.

### Article I. Offices

The principal office of the Organization in the State of Missouri is in the City of Saint Louis, County of Saint Louis. The Organization may have other offices, either within or without the State of Missouri, as the Board of Directors may determine or as the affairs of the Organization may require from time to time.

The Organization will have and continuously maintain a registered office, and a registered agent whose office is identical with the registered office. The registered office may be, but need not be, identical with the principal office, and the address of the registered office may be changed from time to time by the Board of Directors.

### Article II. Members

The Organization shall have no members or classes of members.

### Article III. Board of Directors

Section 1. Power of Board of Directors. The affairs of the Organization shall be managed by or under the direction of the Board of Directors.

Section 2. Number of Directors. The number of directors constituting the entire Board of Directors shall be not less than three (3) directors nor more than eleven (11) directors, except that the number of initial directors shall be fixed by the Organization's incorporator. Unless otherwise required by law, a director need not be a member of the Organization or a resident of the State of Missouri. The number of directors may be fixed or changed from time to time, within the minimum and maximum, by the directors without further amendment to the Bylaws.

Section 3. Election of Directors. The initial Board of Directors shall be comprised of those directors selected by the incorporator. Thereafter, Directors shall be elected at a meeting of the Board of Directors by an affirmative vote of a majority of the Directors, either in person or by proxy, cast at a meeting at which a quorum is present, and each shall continue in office until his successor is elected and qualified, or until his death, resignation or removal.

Section 4. Term of Directors. Each director shall be elected to a term of four years and until the next meeting of members entitled to vote on directors at which directors are elected. The term of a director elected as a result of an increase in the number of directors expires at the next annual meeting of members entitled to vote. A decrease in the number of directors does not shorten an incumbent director's term. The term of a director elected or appointed, as the case may be, to fill a vacancy expires at the next annual meeting of the members entitled to vote at which his or her predecessor's term would have expired.

Section 5. Vacancies and Newly-Created Director Positions. Unless otherwise provided in the



EXHIBIT
H

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

Articles of Incorporation or these Bylaws, any vacancy occurring in the Board of Directors and any director position to be filled by reason of an increase in the number of directors may be filled by the Board of Directors.

Section 6. Removal of Directors. One or more of the directors may be removed without cause at a meeting of the members at which a quorum is present by the affirmative vote of two-thirds of the votes then in-office, either in person or by proxy, provided that written notice of such meeting is delivered to all members entitled to vote on removal of directors. Such notice shall state that a purpose of the meeting is to vote upon the removal of one or more directors named in the notice. Only the named director or directors may be removed at such a meeting.

Section 7. Resignation of Directors. Any director may resign at any time by written notice to the Board of Directors, its Chairman, or to the President or Secretary of the Organization. A resignation is effective when the notice is delivered unless the notice specifies a future date. The pending vacancy may be filled before the effective date, but the successor shall not take office until the effective date.

Section 8. Quorum of Directors and Action of the Board. Unless otherwise provided in the Articles of Incorporation or these Bylaws, a majority of the directors then in office shall constitute a quorum; provided, that in no event shall a quorum consist of fewer than the greater of one-third of the number of directors in office or two directors. The act of a majority of the directors at a meeting at which a quorum is present shall be the act of the Board of Directors. Directors may act by proxy on any matter following appointment of the proxy pursuant to the Missouri Nonprofit Corporation Law.

Section 9. Meetings of the Board. An annual meeting of the Board of Directors shall be held each year during the last three months of the calendar year at such time and at such places, within or without the State of Missouri as shall be fixed by the Board of Directors, for the election of officers and directors and for the transaction of such other business as may properly come before the Board.

Regular meetings of the Board shall be held at such times as may be fixed by the Board. Special meetings of the Board may be held at any time whenever called by the President of the Board or any two directors.

Meetings of the Board of Directors may be held at such places, within or without the State of Missouri, as may be fixed by the Board for annual or regular meetings and in any notice of meetings for special meetings.

Neither the business to be transacted at, nor the purpose of, any regular or special meeting need be specified in any notice of such meeting.

Section 10. Informal Action by Directors; Meetings by Conference Telephone. Any action required by the Missouri Nonprofit Corporation Act, as now in effect or as may hereafter be amended, to be taken at any meeting of the Board of Directors or any other action which may be taken at a meeting at the Board may be taken without a meeting if a consent in writing, setting forth the action so taken, shall be signed by all of the directors entitled to vote with respect to the

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

subject matter thereof. The consent shall be evidenced by one or more written approvals, each of which sets forth the action taken and bears the signature of one or more directors. All the approvals evidencing the consent shall be delivered to the Secretary to be filed in the corporate records. The action taken shall be effective when all directors have approved the consent unless the consent specifies a different effective date.

Directors may participate in and act at any meeting of such Board through the use of a conference telephone or other similar communications equipment by means of which all persons participating in the meeting can communicate with each other. Participation in such meeting shall constitute attendance and presence in person at the meeting of the person or persons so participating.

Section 11. Compensation of Directors. Unless otherwise provided in the Articles of Incorporation, the Board of Directors, by the affirmative vote of a majority of the directors then in office, shall have the authority to establish reasonable compensation of all directors for services to the Organization as directors, officers or otherwise. Directors may be reimbursed for expenses incurred in the performance of their duties to the Corporation, in reasonable amounts as approved by the affirmative vote of a majority of the then in office.

## Article IV. Officers

Section 1. Officers. The officers of the Organization will be a President, a Vice President, a Secretary, and a Treasurer, and any other officers as may be elected in accordance with the provisions of this Article. The Board of Directors may elect or appoint other officers, as it deems desirable. Any two or more offices may be held by the same person.

Section 2. Election and Term of Office. The officers of the Organization will be elected annually by the Board of Directors at the regular annual meeting of the Board of Directors. If the election of officers will not be held at such meeting, the election will be held as soon thereafter as is convenient. New offices may be created and filled at any meeting of the Board of Directors. Each officer will hold office until the officer's successor will have been duly elected and will have qualified.

Section 3. Removal. The Board of Directors may remove any officer elected or appointed by the Board of Directors whenever in its judgment the best interests of the Organization would be served thereby, but the removal will be without prejudice to the contract rights, if any, of the officer so removed.

Section 4. Vacancies. The Board of Directors may fill a vacancy in any office because of death, resignation, removal, disqualification or otherwise, for the unexpired portion of the term.

Section 5. President. The President will be the principal executive officer of the Organization and will in general supervise and control all business and affairs of the Organization. The President will preside at all meetings of the members and of the Board of Directors. The President may sign, with the Secretary or any other proper officer of the Organization authorized by the Board of Directors, any deeds, mortgages, bonds, contracts, or other instruments which the Board of Directors has authorized to be executed, except in cases where the signing and execution thereof

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

is expressly delegated by the Board of Directors or by these bylaws or by statute to some other officer or agent of the Organization. The President will perform all duties incident to the office of President and other duties as may be prescribed by the Board of Directors from time to time.

Section 6. Vice President. In the absence of the President or in the event of her inability or refusal to act, the Vice President shall perform the duties of the President, and, when so acting, shall have all the powers of and be subject to all the restrictions upon the President. The Vice President shall perform such other duties and have such other powers as the Board of Directors may from time to time prescribe by standing or special resolution, or as the President may from time to time provide, subject to the powers and the supervision of the Board of Directors.

Section 7. Treasurer. The Treasurer will have charge and custody of, and be responsible for, all funds and securities of the Organization; receive and give receipts for moneys due and payable to the Organization from any source whatsoever, and deposit all moneys in the name of the Organization in the banks, trust companies or other depositories as are selected in accordance with the provisions of Article VII of these bylaws. The Treasurer will perform all the duties incident to the office of Treasurer and other duties as from time to time the President or the Board of Directors may assign to the Treasurer.

Section 8. Secretary. The Secretary will keep minutes of the directors' and members' meetings and for authenticating records of the Organization; be custodian of the corporate records; and in general, perform all duties incident to the office of Secretary and other duties as from time to time the President or the Board of Directors may assign to the Secretary.

### Article V. Committees

Section 1. Committees of Directors. The Board of Directors, by resolution adopted by a majority of the Directors in office, may designate and appoint one or more committees, each of which shall consist of two or more Directors, which committees, to the extent provided in the resolution, shall have and exercise the authority of the Board of Directors in the management of the Organization. However, no committee shall have the authority of the Board of Directors in reference to amending, altering or repealing the bylaws; electing, appointing or removing any member of any committee or any Director or officer of the Organization; amending the Articles of Incorporation; restating Articles of Incorporation; adopting a plan of merger or adopting a plan of consolidation with another organization; authorizing the sale, lease, exchange or mortgage of all or substantially all of the property and assets of the Organization; authorizing the voluntary dissolution of the Organization or revoking proceedings therefore; adopting a plan for the distribution of the assets of the Organization; or amending, altering or repealing any resolution of the Board of Directors which by its terms provides that it shall not be amended, altered or repealed by the committee. The designation and appointment of any committee and the delegation thereto of authority shall not operate to relieve the Board of Directors, or any individual Director, of any responsibility imposed upon the Board or a Director by law.

Section 2. Other Committees. Other committees not having and exercising the authority of the Board of Directors in the management of the Organization may be appointed in such manner as may be designated by a resolution adopted by a majority of the Directors present at a meeting at

4

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

which a quorum is present. Except as otherwise provided in the resolution, members of each committee shall be members of the Organization, and the President of the Organization shall appoint the members thereof. Any members thereof may be removed by the person or persons authorized to appoint the member whenever in their judgment the best interests of the Organization shall be served by the removal.

Section 3. Term of Office. Each member of a committee shall continue as such until the next annual meeting of the members of the Organization and until the member's successor is appointed, unless the committee shall be sooner terminated, or unless the member is removed from the committee, or unless the member shall cease to qualify as a member.

Section 4. Chairman. One member of each committee shall be appointed chairman by the person or persons authorized to appoint the members.

Section 5. Vacancies. Vacancies in the membership of any committee may be filled by appointments made in the same manner as provided in the case of the original appointments.

Section 6. Quorum. Unless otherwise provided in the resolution of the Board of Directors designating a committee, a majority of the whole committee shall constitute a quorum and the act of a majority of the members present at a meeting at which a quorum is present shall be the act of the committee.

Section 7. Rules. Each committee may adopt rules for its own government not inconsistent with these bylaws or with rules adopted by the Board of Directors.

## Article VI. Contracts, Checks, Deposits and Funds

Section 1. Contracts. The Board of Directors may authorize any officer or officers, agent or agents of the Organization, in addition to the officers so authorized by these bylaws, to enter into any contract or execute and deliver any instrument in the name of and on behalf of the Organization, and this authority may be general or confined to specific instances.

Section 2. Checks, Drafts, etc. All checks, drafts, or orders for the payment of money, notes or other evidences of indebtedness issued in the name of the Organization, shall be signed by the officer or officers, agent or agents of the Organization and in the manner as shall from time to time be determined by resolution of the Board of Directors. In the absence of this determination by the Board of Directors, these instruments shall be signed by the Treasurer and countersigned by the President of the Organization.

Section 3. Deposits. All funds of the Organization shall be deposited from time to time to the credit of the Organization in banks, trust companies or other depositaries selected by the Board of Directors.

Section 4. Gifts. The Board of Directors may accept on behalf of the Organization any contribution, gift, bequest or devise for the general purpose or for any special purpose of the Organization.

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

## Article VII. Books and Records

The Organization shall keep correct and complete books and records of account and shall also keep minutes of the proceedings of its members, Board of Directors and committees having any of the authority of the Board of Directors, and shall keep at its registered or principal office a record giving the names and addresses of the members entitled to vote. All books and records of the Organization may be inspected by any member, or the member's agent or attorney, for any property purpose at any reasonable time.

## Article VIII. Fiscal Year

The fiscal year of the Organization shall begin on the first day of January and end on the last day of December in each year.

## Article IX. Waiver of Notice

Whenever any notice is required to be given under the provisions of the Missouri Nonprofit Corporation Act or under the provisions of the Articles of Incorporation or the bylaws of the Organization, a waiver thereof in writing signed by the person or persons entitled to notice, whether before or after the time stated therein, shall be deemed equivalent to the giving of such notice.

## Article X. Amendments to Bylaws

These bylaws may be altered, amended or repealed and new bylaws may be adopted by a majority of the Directors present at any regular meeting or at any special meeting, if at least two days' written notice is given of the intention to alter, amend or repeal or to adopt new bylaws at the meeting.

## CERTIFICATE

We, the undersigned, hereby certify that we acted as President and Secretary of the meeting of the directors of the Organization held on the 27th day of November, 2017, at which the forgoing bylaws were duly adopted as and for the bylaws of said Organization, and hereby further certify that the foregoing constitute the bylaws of the Organization

Dated: November 27, 2017

CAROL MULLENIX
President of the Meeting

ANETTE SLUSHER
Secretary of the Meeting

**22SL-CC01008**

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

## Thomas J. Niemann

| | |
|---|---|
| **From:** | Andrew Logan <ALogan@loganlaw.com> |
| **Sent:** | Thursday, June 27, 2019 3:55 PM |
| **To:** | Thomas J. Niemann |
| **Cc:** | 'Carol Mullenix (carolhermanmullenix@gmail.com)'; 'Greg Mullenix (gmullenix@peakcongroup.com)'; amytaitt3@gmail.com; Janette Slusher; mamoroney4 @gmail.com |
| **Subject:** | RE: The Healing Chair, Inc. |

Tom,

Our firm was engaged by all these individuals and acted in good faith to address organizational governance matters in October of 2017. All e-mail, correspondence, and documents pertaining to The Healing Chair, Inc. in this firm's possession will be preserved.

If all Board members are in agreement and provide authorization, then I will not hesitate to release Board governance documents as you've requested.

Thank you,

Andy

---
Andrew V. Logan
Logan Logan & Watson, L.C.
8340 Mission Road, Suite 106
Prairie Village, KS 66206
(913) 381-1121 Phone
(913) 381-6546 Fax
alogan@loganlaw.com
loganlaw.com
v-card

**From:** Thomas J. Niemann <TNiemann@summerscomptonwells.com>
**Sent:** Thursday, June 27, 2019 2:53 PM
**To:** Andrew Logan <ALogan@loganlaw.com>
**Cc:** 'Carol Mullenix (carolhermanmullenix@gmail.com)' <carolhermanmullenix@gmail.com>; 'Greg Mullenix (gmullenix@peakcongroup.com)' <gmullenix@peakcongroup.com>; amytaitt3@gmail.com; Janette Slusher <jslusher@me.com>; mamoroney4@gmail.com
**Subject:** RE: The Healing Chair, Inc.

Andrew,



EXHIBIT
I

1

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

After you had Ms. Mullenix sign your engagement letter, did you obtain any of the corporate documents previously adopted by the Company, including the Amended and Restated Articles filed with the MO Secretary of State on May 12, 2017 and the Amended and Restated Bylaws adopted by the THC Board at that time?  Did you print copies of the Annual Registration Reports filed by THC with the MO Secretary of State, including the report filed on August 30, 2017?  If you did, how did you conclude that Ms. Slusher, Ms. Maroney, and Ms. Slusher were and now are directors of THC?  You may not answer that now but these are questions we will need answered at some time.

In all events, I will reiterate my request that Ms. Maroney, Ms. Slusher and Ms. Taitt take no further action on behalf of THC, including removing or exerting control over any assets of the company.  I expect that we will find that any such actions are beyond the scope of their present authority on behalf of the company, notwithstanding your characterization below, and they will be personally liable for the consequences.  If you believe otherwise, and advise them accordingly, you do so at your own risk.  Also, I must insist that you and the others retain copies of all records concerning THC, in any form, including, without limitation, electronic mail messages.

You should expect a formal response from this firm shortly.

Tom

**From:** Andrew Logan <ALogan@loganlaw.com>
**Sent:** Thursday, June 27, 2019 2:18 PM
**To:** Thomas J. Niemann <TNiemann@summerscomptonwells.com>
**Cc:** 'Carol Mullenix (carolhermanmullenix@gmail.com)' <carolhermanmullenix@gmail.com>; 'Greg Mullenix (gmullenix@peakcongroup.com)' <gmullenix@peakcongroup.com>; amytaitt3@gmail.com; Janette Slusher <jslusher@me.com>; mamoroney4@gmail.com
**Subject:** RE: The Healing Chair, Inc.

Mr. Niemann:

I received an email this morning from Carol Mullenix requesting a copy of The Healing Chair, Inc. Bylaws adopted on November 27, 2017, which I provided to Carol by email. She should be in possession of an electronic copy of the executed Bylaws. At this time, however, I do not have authorization from the THC Board of Directors to release documents to you.

I will note that Carol executed an engagement letter for our firm's services on behalf of THC on October 20, 2017. Carol also participated in-person in a Board meeting in our offices on November 27, 2017, at which time Carol executed the THC Bylaws as President. She also signed a Waiver of Notice for the November 27, 2017, meeting, and the minutes reflect her participation in the meeting.

I do not have intention of creating confrontation or conflict. But we will require Board authorization to release THC organizational documents in our possession, as counsel engaged by the organization. I have included other members of the THC Board, Marcia Maroney, Janette Slusher, and Amy Taitt, to make them aware of your requests and email.

I will be happy to communicate further with authorization from the Board. Thank you very much.

Best,

Andrew Logan

---
Andrew V. Logan
Logan Logan & Watson, L.C.
8340 Mission Road, Suite 106
Prairie Village, KS 66206

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

(913) 381-1121 Phone
(913) 381-6546 Fax
alogan@loganlaw.com
loganlaw.com
v-card

**From:** Thomas J. Niemann <TNiemann@summerscomptonwells.com>
**Sent:** Thursday, June 27, 2019 11:20 AM
**To:** Andrew Logan <ALogan@loganlaw.com>
**Cc:** 'Carol Mullenix (carolhermanmullenix@gmail.com)' <carolhermanmullenix@gmail.com>; 'Greg Mullenix (gmullenix@peakcongroup.com)' <gmullenix@peakcongroup.com>
**Subject:** The Healing Chair, Inc.
**Importance:** High

June 27, 2019

Andy,

I received a call this morning from Carol Mullenix, the President of THC, advising that some issues have arisen in regard to the governance of THC and that you/your firm may have prepared various documents in late 2017 purporting to change the management structure of THC. I am a bit confused about how that occurred as the THC Board of Directors, namely Carol, Greg Mullenix and me, never reviewed and/or approved those documents. The Articles and Bylaws were both amended and restated by us, as the Board, in March 2017. In any event, I'd ask you to send me whatever corporate documents you had anybody sign in regard to THC so that we can determine what the current state of affairs is.

In the meantime, I would urge that Ms. Taitt, Ms. Slusher and Ms. Maroney take no further action in respect of THC's assets, including any funds now on deposit in any THC bank account, or otherwise seek to bind THC until their current status, aside from volunteers, can be firmly established. Thank you for that cooperation.

Tom

**Thomas J. Niemann**
**Summers Compton Wells LLC**
8909 Ladue Road
St. Louis, Missouri 63124
(314)872-0360 direct phone
(314)991-4999 main phone
(314)991-2413 main fax
tniemann@summerscomptonwells.com

CONFIDENTIALITY NOTICE: The information contained in this message is attorney-client privileged and confidential information intended exclusively for the use of the client(s) of the law firm of Summers Compton Wells LLC. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message strictly is prohibited. If you have received this message in error, please immediately notify the party above by telephone and return the message via reply at the above e-mail address. Thank you.

PLEASE NOTE: The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa, (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you

Electronically Filed - St Louis County - February 16, 2022 - 09:35 AM

have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion; please let me know AT ONCE.